382 A.2d 460

COMMONWEALTH of Pennsylvania

v.

**Richard LANE, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 30, 1977.

Decided Jan. 26, 1978.

Lester G. Nauhaus, John H. Corbett, Jr., Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., J. M. Verney, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On March 1, 1972, Richard Lane, while represented by privately retained counsel, was convicted of receiving stolen goods in a non-jury trial in Allegheny County.[1] He was placed on probation for five years. No appeal was entered.[2]

On January 10, 1975, Lane filed a petition seeking post-conviction relief. After an evidentiary hearing, Lane was permitted to file post-verdict motions nunc pro tunc. The motions were filed and subsequently denied. On appeal, the Superior Court affirmed the trial court's probation order. We granted allocatur. Throughout these proceedings, Lane had the assistance of new counsel.

The sole issue posed by this appeal is whether Lane was denied his constitutional right to effective trial counsel. We are convinced he was and thus reverse.

During his summation and before the trial court had entered a finding as to guilt or innocence, Lane's trial counsel said this to the court:

"Your Honor, this Defendant has been in trouble before. I do believe even though he did commit a foolish act here I believe he tried to rectify that act by being very cooperative with Chief Hoover. *If he didn't have a record I would ask Your Honor to give him the benefit of the doubt and find him not guilty.* I do believe he paid for

1. Lane testified at trial and admitted receiving the goods but denied knowing they were stolen.

2. An order placing a criminal defendant on probation is an appealable order. *Commonwealth v. Gilmore*, 465 Pa. 202, 348 A.2d 425 (1975).

what he has done in the past, and I think his story is very plausible. Before he consulted anybody, why, he told the Chief probably the same as he told on the witness stand. I think the only thing he is guilty of is foolishness. I don't believe there is any proof that he knew the merchandise was stolen, and surely the thieves wouldn't tell him it was stolen. They wouldn't say, 'We have hot merchandise.' " (Emphasis added.)

Following this the court inquired: "What does the record show?" Whereupon it was disclosed that Lane has previously been convicted of three armed robberies, a burglary, and a violation of the Narcotics Act.

The test to be applied in determining if trial counsel's assistance is constitutionally effective is set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Instantly, we can discern no reasonable basis designed to effectuate Lane's interest by trial counsel informing the court of Lane's prior criminal record before the question of guilt or innocence was resolved. Indeed, it probably was a disservice to Lane's interests, particularly in view of counsel's statement ". . . if he didn't have a record I would ask Your Honor to give him the benefit of the doubt and find him not guilty . . . ."

It is urged counsel was engaged in a strategic trial tactic to obtain leniency for his client. We are not so persuaded. At the particular moment, Lane was challenging his guilt and the issue confronting the court was guilt or innocence. We are unable to see how trial counsel's statement would aid Lane's claim of innocence.

The order of the Superior Court and the probation order of the trial court are reversed, and a new trial is granted.

PACKEL, J., did not participate in the decision of this case.