STATE OF NORTH CAROLINA v. WILLIAM HARBISON, JR.

No. 400PA84

(Filed 10 December 1985)

1. **Criminal Law §§ 154.1, 156.2— closing argument—effectiveness of counsel—no transcript—not raised on direct appeal—considered in discretion of court**

    The Supreme Court elected to consider the effectiveness of defendant's counsel under its power of discretionary review even though defendant failed to raise the issue during a prior direct appeal of his conviction; moreover, the closing argument by defendant's counsel was preserved in the record in a form

adequate to permit appellate review where the State never suggested that defendant mischaracterized the argument, the trial court based its denial of defendant's motion for appropriate relief on the closing argument as contained in the motion, and defendant's co-counsel set forth the substance of the closing argument in verified answers to interrogatories submitted with the motion. N.C.G.S. 7A-31, N.C.G.S. 15A-1446.

**2. Constitutional Law § 48— ineffective assistance of counsel—guilt admitted in closing argument without client's consent**

Defendant received ineffective assistance of counsel where his counsel in a murder prosecution admitted his guilt during closing arguments and asked for a manslaughter conviction without defendant's consent. Ineffective assistance of counsel, *per se* in violation of the Sixth Amendment, is established in every criminal case in which defendant's counsel admits defendant's guilt to the jury without defendant's consent.

APPEAL by the defendant from the order of *Judge Claude S. Sitton*, entered June 12, 1984, in the Superior Court, BURKE County.

The defendant was convicted of second degree murder and assault with a deadly weapon inflicting serious bodily injury. He received a life sentence for the second degree murder conviction and a ten year sentence for the assault conviction. The defendant appealed the murder conviction to the Supreme Court as a matter of right under N.C.G.S. 7A-27(a). The Supreme Court allowed the defendant's motion to bypass the Court of Appeals on his appeal in the assault case. The Supreme Court found no error. *State v. Harbison*, 293 N.C. 474, 238 S.E. 2d 449 (1977).

On May 3, 1984, the defendant filed a motion for appropriate relief in the Superior Court, Burke County, alleging that he was denied effective assistance of counsel at his 1977 trial. On June 12, 1984, Judge Sitton denied the defendant's motion. On November 6, 1984, the Supreme Court allowed the defendant's petition for writ of certiorari to review the Superior Court's denial of his motion. Heard in the Supreme Court October 16, 1985.

*Lacy H. Thornburg, Attorney General by Lucien Capone III, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Malcolm Ray Hunter, Jr., First Assistant Appellate Defender, and Louis D. Bilinois, Assistant Appellate Defender, for the defendant-appellant.*

MITCHELL, Justice.

The defendant assigns as error the trial court's denial of his motion for appropriate relief. He contends that during the closing arguments to the jury during his 1977 trial, his court appointed counsel admitted his guilt without his consent. He argues that this was ineffective assistance of counsel and violated his constitutional right to enter a plea of not guilty. We conclude that the court appointed counsel's admission of the defendant's guilt during the closing arguments to the jury is per se prejudicial error. The defendant is entitled to a new trial.

A complete review of the evidence presented at trial is found in the opinion of this Court on the defendant's prior appeal. 293 N.C. 474, 238 S.E. 2d 449 (1977). The State's evidence tended to show that the defendant, William Harbison, Jr., and the prosecuting witness, Danna Franklin, had recently ended their relationship. The defendant had once professed that if he could not have Ms. Franklin, no man would. On the night of April 24, 1974, the defendant followed and overtook the car in which Ms. Franklin and the deceased, Morris Hardy, were traveling. The defendant stopped in front of Ms. Franklin's car, exited from his car, and shot both of them, seriously injuring Ms. Franklin and fatally wounding Mr. Hardy. The defendant took Ms. Franklin to the hospital and sought an ambulance for Mr. Hardy.

Throughout the 1977 trial, the defendant steadfastly maintained that he acted in self-defense. John McMurray, the court appointed attorney for the defendant, adhered to that defense during his cross-examination of the State's witnesses and during his presentation of the defendant's evidence. During the closing arguments, James Fuller, co-counsel, urged acquittal on the theory of self-defense. Mr. McMurray then made a closing argument expressing his personal opinion that his client should not be found innocent but should be found guilty of manslaughter. The defendant says in his Verified Motion for appropriate relief that Mr. McMurray made the following closing argument without the consent of the defendant:

Ladies and Gentlemen of the Jury, I know some of you and have had dealings with some of you. I know that you want to leave here with a clear conscious [sic] and I want to leave here also with a clear conscious [sic]. I have my opinion as to

what happened on that April night, and I don't feel that William should be found innocent. I think he should do some time to think about what he has done. I think you should find him guilty of manslaughter and not first degree.

[1] Before addressing the defendant's assignment of error, this Court must address the procedural issues raised by the State. First, the State asserts that the defendant failed to raise this issue during the direct appeal of his conviction and thereby waived his right to raise it now. Assuming *arguendo* that the State is correct, we choose nevertheless to consider this issue under our power of discretionary review granted by N.C.G.S. § 7A-31 and § 15A-1446.

Second, the State asserts that no transcript of the closing argument was made and that this failure requires dismissal of the appeal. *State v. Sanders*, 280 N.C. 67, 185 S.E. 2d 137 (1971). We do not agree. The State has never suggested that the defendant has mischaracterized Mr. McMurray's argument. The trial court based its denial of the defendant's motion on the closing argument as contained in the motion. In verified answers to the interrogatories submitted with the motion, Mr. Fuller, the defendant's co-counsel, also set forth the substance of Mr. McMurray's closing argument during the 1977 trial. All such documents and matters were parts of the record on appeal. Therefore, the argument by Mr. McMurray was preserved in the record in a form adequate to permit appellate review of the defendant's assignment.

[2] Turning to the merits of this appeal, the defendant contends that his counsel's admission of his guilt and plea for a manslaughter conviction constituted ineffective assistance of counsel in violation of his right to a fair trial under the Sixth and Fourteenth Amendments to the Constitution of the United States. The test for resolving claims of ineffective assistance of counsel was recently articulated by this Court and by the Supreme Court of the United States. In *State v. Braswell*, 312 N.C. 553, 324 S.E. 2d 241 (1985), this Court adopted the Supreme Court's language in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), and enunciated the following two-part test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the

"counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Braswell*, 312 N.C. at 562, 324 S.E. 2d at 248 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed. 2d at 693).

The defendant cites several cases in support of the proposition that a counsel's admission of his client's guilt, without the client's knowing consent and despite the client's plea of not guilty, constitutes ineffective assistance of counsel. In *Wiley v. Sowders*, 647 F. 2d 642 (6th Cir. 1981), the defendant's lawyer admitted his client's guilt and pled for mercy. The court held the defendant was deprived of his Sixth Amendment right to effective assistance when his counsel admitted guilt without first obtaining the defendant's consent to this trial tactic. *See also, King v. Strickland*, 748 F. 2d 1462 (11th Cir. 1984); *Francis v. Spraggins*, 720 F. 2d 1190 (11th Cir. 1983); *Young v. Zant*, 677 F. 2d 792 (11th Cir. 1982); *Commonwealth v. Lane*, 476 Pa. 258, 382 A. 2d 460 (1978). Although we find such authority persuasive, we conclude that the defendant in the present case need not show any specific prejudice in order to establish his right to a new trial due to ineffective assistance of counsel.

Although this Court still adheres to the application of the *Strickland* test in claims of ineffective assistance of counsel, there exist "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *United States v. Cronic*, 466 U.S. 648, 658, 104 S.Ct. 2039, 2047, 80 L.Ed. 2d 657, 667 (1984); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). The Supreme Court has presumed prejudice in various Sixth Amendment cases. That Court has, for example, "uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *Cronic*, 466 U.S. at 659, 104 S.Ct. at 2047, 80 L.Ed. 2d at 668, n. 25. *See, e.g., Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed. 2d 592 (1975) (defense counsel was not allowed to make closing argument); *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed. 2d 333 (1980) (prej-

udice presumed when counsel affected by actual conflict of interest). Likewise, when counsel to the surprise of his client admits his client's guilt, the harm is so likely and so apparent that the issue of prejudice need not be addressed.

A defendant's right to plead "not guilty" has been carefully guarded by the courts. *See Wiley v. Sowders*, 647 F. 2d 642 (6th Cir. 1981). When a defendant enters a plea of "not guilty," he preserves two fundamental rights. First, he preserves the right to a fair trial as provided by the Sixth Amendment. Second, he preserves the right to hold the government to proof beyond a reasonable doubt. *Wiley*, 647 F. 2d at 650.

A plea decision must be made exclusively by the defendant. "A plea of guilty or no contest involves the waiver of various fundamental rights such as the privilege against self-incrimination, the right of confrontation and the right to trial by jury." *State v. Sinclair*, 301 N.C. 193, 197, 270 S.E. 2d 418, 421 (1980). Because of the gravity of the consequences, a decision to plead guilty must be made knowingly and voluntarily by the defendant after full appraisal of the consequences. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969); N.C.G.S. § 15A-1011 through § 15A-1026; *State v. Sinclair*, 301 N.C. 193, 270 S.E. 2d 418 (1980).

This Court is cognizant of situations where the evidence is so overwhelming that a plea of guilty is the best trial strategy. However, the gravity of the consequences demands that the decision to plead guilty remain in the defendant's hands. When counsel admits his client's guilt without first obtaining the client's consent, the client's rights to a fair trial and to put the State to the burden of proof are completely swept away. The practical effect is the same as if counsel had entered a plea of guilty without the client's consent. Counsel in such situations denies the client's right to have the issue of guilt or innocence decided by a jury. *Wiley*, 647 F. 2d at 649-50.

For the foregoing reasons, we conclude that ineffective assistance of counsel, per se in violation of the Sixth Amendment, has been established in every criminal case in which the defendant's counsel admits the defendant's guilt to the jury without the defendant's consent. Accordingly, we must arrest the judgments against the defendant for murder and assault and remand these

matters to the Superior Court, Burke County, with instructions to that court to award the defendant a new trial.

Judgments arrested; remanded for new trial.