STATE OF NORTH CAROLINA v. AARON DEMETRIUS BAYNES

No. 192A94

(Filed 5 May 1995)

Appeal by the State pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 114 N.C. App. 165, 442 S.E.2d 529 (1994). Judgments had been entered against defendant on his convictions of second-degree murder, five counts of felony child

**STATE v. BAYNES**

[340 N.C. 252 (1995)]

abuse, and one count of misdemeanor child abuse on 30 January 1992, by Freeman, J., in Superior Court, Guilford County. The Court of Appeals remanded the case for an evidentiary hearing in the Superior Court, Guilford County. On 16 June 1994, this Court allowed defendant's petition for discretionary review of additional issues. Heard in the Supreme Court 17 March 1995.

*Michael F. Easley, Attorney General, by William B. Crumpler, Assistant Attorney General, for the State-appellant and -appellee.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Gordon Widenhouse and Mark D. Montgomery, Assistant Appellate Defenders, for defendant-appellant and -appellee.*

PER CURIAM.

The issue raised by the dissent in the Court of Appeals has been determined by this Court's decision in *State v. House*, 340 N.C. 187, 196-97, 456 S.E.2d 292, 297 (1995). Accordingly, for the reasons stated in *House*, the decision of the Court of Appeals is reversed, and this case is remanded to the Court of Appeals for remand to the Superior Court for reinstatement of the judgments on defendant's convictions of second-degree murder, felony child abuse, and misdemeanor child abuse. As stated in *House*, this decision is without prejudice to this defendant's right to raise the issue of ineffective assistance of counsel based on *State v. Harbison*, 315 N.C. 175, 337 S.E.2d 504 (1985), *cert. denied*, 476 U.S. 1123, 90 L. Ed. 2d 672 (1986), by filing a motion for appropriate relief in the Superior Court.

Further, we now determine that discretionary review of the additional issues was improvidently allowed.

PETITION FOR DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED; REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.