STATE OF NORTH CAROLINA v. CHRISTOPHER O'BRIAN MASON

No. COA02-1115

(Filed 5 August 2003)

## 1. Constitutional Law— effective assistance of counsel—misstatement during closing argument

Defendant was not denied effective assistance of counsel where his attorney misspoke during his closing argument and urged the jury to find defendant guilty of all charges. Contextually, counsel did not admit guilt, and the additional argument allowed by the court emphasized defendant's innocence and cured any prejudice.

## 2. Criminal Law— mistrial—lapsus linguae during closing argument—no prejudice

The trial court did not abuse its discretion by denying defendant a mistrial after defense counsel misspoke during his closing argument. Although defendant contended that the court acted under a misapprehension of the law in stating that double jeopardy would prevent a mistrial, there was no prejudice because counsel's error was in form, not substance.

## 3. Evidence— hearsay—door opened on cross-examination

The trial court did not err by admitting hearsay from detectives in a trial for murder, burglary, and robbery where defendant opened the door through questions on cross-examination.

Appeal by defendant from judgment entered 1 March 2001 by Judge Gregory A. Weeks in Superior Court, Columbus County. Heard in the Court of Appeals 10 June 2003.

*Edwin L. West, III, PLLC, by Heather Wells, for defendant-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Steven F. Bryant, for State-appellee.*

WYNN, Judge.

From a sentence of life imprisonment without parole for first degree murder, first degree burglary, and robbery with a firearm, defendant, Christopher O'Brian Mason, argues on appeal that (1) he was deprived of his Sixth Amendment right to effective assistance of

counsel because during oral argument, his attorney committed a *lapsus linguae*—a slip of the tongue—by asking the jury to find him guilty, (2) the trial erroneously denied his motion for a mistrial, and (3) the trial court erroneously admitted prejudicial hearsay. We find no error for the reasons stated herein.

At the conclusion of his closing argument, counsel for the defendant stated: "We ask you to find Chris Mason *guilty* of all charges based upon the failure of the State to prove him guilty beyond a reasonable doubt." After some confusion, wherein defense counsel apparently was uncertain whether he committed the error, the trial court responded, "I didn't hear not guilty. I heard you [say to the jury that they] should find the defendant guilty." At the trial court's request, the court reporter played back a tape recording of the closing argument. After listening to the tape, the trial court indicated: "what I thought I heard was a statement to find him guilty."

Thereafter, the trial court stated: "[This] is as close to what is meant or intended by the phrase, 'you cannot un-ring a bell." Defense counsel moved for a mistrial. After listening to the tape again, the trial court determined defense counsel had committed a *lapsus linguae*. Defense counsel renewed his motion for mistrial based on the "apparent misstatement." Defendant consented to this motion. The trial court expressed concern about:

> [T]he issue of whether or not jeopardy has attached in this case and if so whether the allowance of a motion for mistrial made by counsel [with] the defendant's concurrence might mean that the defendant may not be subject to be retried . . . .

The trial court allowed defense counsel to make an additional closing argument. Defense counsel stated to the jury:

> The question has arisen as to what last thing I said to you was. I hope you understand that it is my purpose and intent to ask you to find Chris Mason not guilty. . . . I [have] retaken this opportunity to, under the law, argue again. Obviously, the stresses and strains of these trials can take there [sic] tolls at times and if any of you misunderstood or if you believe I misstated what I intended to say, I am asking you, based on the evidence before you, to find that the State has failed to meet its burden of proving Chris Mason guilty beyond a reasonable doubt . . . and I ask you to find Christopher Mason not guilty and I hope you all understand that if I have made what in legal latin is a lapsus linguae

before lunch . . . I certainly apologize but our request is that you find Chris not guilty. Thank you very much.

After defense counsel's second closing argument, the trial court excused the jury; heard arguments from the State and defendant; and denied defendant's motion for a mistrial. The jury returned a guilty verdict on all counts.

[1] By his first argument, defendant contends that under the Sixth Amendment and *State v. Harbison*, 315 N.C. 175, 337 S.E.2d 504 (1985), the admission of guilt by defendant's counsel, without defendant's consent, constituted ineffective assistance of counsel *per se*. We hold that defendant's reliance on *Harbison* is misplaced.

In *Harbison*, defense counsel stated during closing argument:

> Ladies and Gentlemen of the Jury . . . . I don't feel that [defendant] should be found innocent. I think he should do some time to think about what he has done. I think you should find him guilty of manslaughter and not first degree.

*Harbison* at 177-78, 337 S.E.2d at 506. In granting defendant a new trial, the Supreme Court of North Carolina held that:

> When counsel admits his client's guilt without first obtaining the client's consent, the client's rights to a fair trial and to put the State to the burden of proof are completely swept away. The practical effect is the same as if counsel had entered a plea of guilty without the client's consent. Counsel in such situations denies the client's right to have the issue of guilt or innocence decided by a jury. For the foregoing reasons, we conclude that ineffective assistance of counsel, per se in violation of the Sixth Amendment, has been established in every criminal case in which the defendant's counsel admits the defendant's guilt to the jury without the defendant's consent.

*Harbison*, at 180, 337 S.E.2d at 507-08 (citations omitted).

However, unlike the defense counsel in *Harbison*, the defense counsel in this case made a misstatement, not a strategic decision to admit guilt without the client's consent. Contextually, the defense counsel did not admit defendant's guilt by making the statement that the jury should find defendant "guilty . . . based upon the failure of the state to prove him guilty beyond a reasonable doubt." *See, e.g., State v. Hinson*, 341 N.C. 66, 78, 459 S.E.2d 261, 268 (1995) (finding no *Harbison* violation where defendant took challenged statements out

of context); *State v. Wiley*, 355 N.C. 592, 620, 565 S.E.2d 22, 42 (2002), *cert. denied*, —— U.S. ——, 154 L. Ed. 2d 795 (2003) (taken in context, evidence linking defendant to victim's car was not a *Harbison* violation). Furthermore, any prejudice to defendant was cured by additional argument made by defense counsel emphasizing defendant's innocence.

**[2]** By his second argument, defendant contends the trial court erred by denying his motion for a mistrial under N.C. Gen. Stat. § 15A-1061 (2002) which states that the trial court "must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." However, "[t]he decision of whether to grant a mistrial is within the sound discretion of the trial judge." *State v. Norwood*, 344 N.C. 511, 537, 476 S.E.2d 349, 361 (1995) (citation omitted). "[A] mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law." *State v. Calloway*, 305 N.C. 747, 754, 291 S.E.2d 622, 627 (1982); *State v. Ward*, 338 N.C. 64, 92-93, 449 S.E.2d 709, 724 (1994); *State v. Blackstock*, 314 N.C. 232, 243, 333 S.E.2d 245, 252 (1985).

Defendant contends the trial court abused its discretion in denying his motion for a mistrial because it acted under a misapprehension of the law when it stated that Double Jeopardy might prevent the State from placing defendant on trial again. Assuming this solitary statement was error, *see e.g., State v. Major*, 84 N.C. App. 421, 424-25, 352 S.E.2d 862, 864-65 (1987), we are not persuaded that "had the error in question not been committed, a different result would have been reached." *See* N.C. Gen. Stat. § 15A-1443(a); *State v. Reeb*, 331 N.C. 159, 179, 415 S.E.2d 362, 373-74 (1992). As discussed *supra*, the trial court had no basis on which to grant defendant a mistrial because defense counsel's error was in form, not substance; furthermore, defense counsel's formal error was cured. Finally, in ruling on defendant's motion for a mistrial, the trial judge correctly based his ruling on the "totality of the circumstances."

**[3]** By his final argument, defendant contends the trial court erred in allowing the State to introduce prejudicial hearsay. The State claims, that defendant "opened the door" to incompetent evidence by eliciting information requiring rebuttal. We agree with the State and, therefore, find no error.

Under the North Carolina Rules of Evidence: "Hearsay is not admissible except as provided by statute or by these rules." N.C. Gen. Stat. § 8C-1, Rule 802 (2002). Despite the hearsay rule, "[t]he law wisely permits evidence not otherwise admissible to be offered to explain or rebut evidence elicited by the defendant himself." *State v. McNeil*, 350 N.C. 657, 682, 518 S.E.2d 486, 501 (1999) (citing *State v. Warren*, 347 N.C. 309, 317, 492 S.E.2d 609, 613 (1997)) (quoting *State v. Albert*, 303 N.C. 173, 177, 277 S.E.2d 439, 441 (1981)). "Where one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though such latter evidence would be incompetent or irrelevant had it been offered initially." *Albert*, 303 N.C. at 177, 277 S.E.2d at 441.

In the present case, defendant challenges certain testimony offered by Deputy Darrell Rogers and Detective Michael Glenn. Defendant contends the trial court erred in permitting Deputy Rogers to testify about a domestic violence call which involved defendant on the night of the shooting. On cross-examination, however, defendant asked the deputy specific questions concerning a report he had written about the incident and his failure to record certain data. To rehabilitate Deputy Rogers, the trial court permitted the State to re-direct Deputy Rogers about the contents of the report. By raising the issue of why Deputy Rogers was called to the scene and his subsequent report on the domestic violence allegation, defendant "opened the door" to allow the State to ask similar or related questions. The trial court warned defendant on a number of occasions to be careful in his questioning. The trial court even explained to defendant how he could have obtained the same evidence without opening the door. Furthermore, the trial court properly limited the use of that evidence to identity and opportunity. *See* N.C. Gen. Stat. § 8C-1, Rule 404(b). Accordingly, under our long-standing exception in *State v. McNeil*, this evidence was properly admitted. *McNeil*, 350 N.C. at 682, 518 S.E.2d at 501.

Additionally, defendant claims the trial court erred in permitting Detective Glenn to testify about statements identifying defendant as being outside the victim's home on the night of the shooting. However, an examination of the record clearly reveals defendant opened the door to Detective Glenn's testimony. On cross examination, defendant asked Detective Glenn why the police did not follow any other leads. In an effort to rehabilitate the witness, the trial court permitted the State to re-direct Detective Glenn. The State asked

Detective Glenn why other potential suspects were not pursued and, furthermore, why the investigation focused on defendant. Detective Glenn testified that two people identified defendant as being at the crime scene at the time of the shooting. Under our long-standing exception in *State v. McNeil*, this evidence was properly admitted. *McNeil*, 350 N.C. at 682, 518 S.E.2d at 501 (1999).

No Error.

Judges HUDSON and CALABRIA concur.