STATE OF NORTH CAROLINA
v.
JOSEPH DEHAVEN PRATT.
No. COA03-1397
North Carolina Court of Appeals
Filed July 6, 2004.
This case not for publication
Guilford County No. 02 CRS 82777.
Attorney General Roy Cooper, by Special Deputy Attorney General William H. Borden, for the State.
Ligon and Hinton, by Lemuel W. Hinton, for defendant-appellant.
BRYANT, Judge.
Joseph Dehaven Pratt (defendant) appeals a judgment filed 21 January 2003 entered consistent with a jury verdict finding him guilty of robbery with a dangerous weapon.
On 1 July 2002, the Guilford County grand jury indicted defendant on a charge of robbery with a dangerous weapon. During the opening statements at trial on 21 January 2003, defense counsel conceded there was "no dispute on the issue of the robbery." Further, he asserted the primary question to be resolved by the jury was "the issue of the weapon." A store clerk testified at trial that defendant entered the convenience store on the night in question, pointed a handgun at him, and grabbed money from the cashregister. Defendant later testified that he did rob the convenience store, but he denied using a weapon. Defense counsel again conceded during his closing argument that defendant committed the robbery but argued defendant did not use a weapon and that police had not recovered a weapon.
The trial court instructed the jury as to the elements of robbery with a dangerous weapon and also on common law robbery. After the jury found defendant guilty of robbery with a dangerous weapon, the trial court imposed a sentence of 96 to 125 months imprisonment. From the trial court's judgment, defendant appeals.
Defendant contends defense counsel violated his constitutional right to effective assistance of counsel by his concession during the opening and closing arguments that defendant was guilty of common law robbery. Citing State v. Harbison, 315 N.C. 175, 337 S.E.2d 504 (1985), defendant argues he is entitled to a new trial because the record does not show he expressly authorized the concession or that he voluntarily and knowingly waived his rights. Defendant's argument is not persuasive.
As the record on appeal is silent as to whether defendant consented to defense counsel's concession of his guilt, this Court will not presume from a silent record that defense counsel argued defendant's guilt without his consent. State v. House, 340 N.C. 187, 196, 456 S.E.2d 292, 297 (1995). We therefore do not address this assignment of error. "[T]he appropriate remedy, if any, is for a defendant to file, either before or after direct appeal, amotion for appropriate relief in the superior court based upon ineffective assistance of counsel pursuant to N.C.G.S. § 15A-1415(b)(3)." Id. at 196-97, 456 S.E.2d at 297. Our ruling is without prejudice to defendant's right to file such a motion for appropriate relief.
Due to defendant's failure to set out his three remaining assignments of error in his brief to this Court, as he has neither cited to any authority nor stated any reason or argument in support of those assignments of error, they are deemed abandoned. N.C.R. App. P. 28(b)(6).
No error.
Chief Judge MARTIN and Judge McGEE concur.
Report per Rule 30(e).