CALABRIA, Judge.
Just after midnight on 29 December 2002, members of the Richmond County Sheriff's Department and Rockingham Police Department responded to a motion sensor alarm at the Tobacco World warehouse at the intersection of State Highway 74 and Yates Hill Road in Rockingham, North Carolina. Richmond County Sheriff's Lieutenant Robert L. Smith ("Smith") was the first officer to arrive at the scene. Peering through a front window, Smith saw Wayne Davis ("Davis") inside the building. Davis had "tor[n] open" the door separating the front retail area from the warehouse storage area in back and "was coming out of the back of the area where the cigarettes were[.]" Smith walked around to the loadingarea on the side of the building and saw that the door to the loading bay had been pried open. A crowbar was lying on the ground beside the door, and a vehicle was parked in the loading area. Smith and his fellow officers entered the warehouse and arrested Davis and Keith Gregory ("Gregory"), who were hiding in the storage room among boxes of cigarettes. Rockingham Sheriff's Deputy Michael Drumwright ("Drumwright") then spotted Stephen Patrick Culler ("defendant") in the rear left-hand corner of the storage room "balled up on top of some boxes in a blue hooded sweatshirt." Drumwright took defendant into custody.
Gregory testified that he, defendant, and Davis went to the Tobacco Warehouse on 29 December 2002 "[t]o break in and steal cigarettes." He confirmed that all three of them went into the building. Gregory gave a written statement to police in which he claimed that he and defendant were driving around and drinking on the night in question. After picking up Davis in East Rockingham, Gregory drove to the Tobacco Warehouse. Defendant and Davis "got out of the car with a crowbar and went around the building." Upon seeing the two men pry the door open, Gregory left the car and followed them inside. They "were still inside the building when the deputies arrived."
Defendant was indicted on a charge of felonious breaking and/or entering on 10 February 2003. Defendant was tried on the charge, and a jury returned a guilty verdict on 4 June 2003. Following return of the verdict, defendant pled guilty to attaining the status of habitual felon. The trial court sentenced defendantto an active prison term of 143 to 181 months. Defendant appeals.
I. Ineffective Assistance of Counsel
On appeal, defendant claims his counsel rendered ineffective assistance by failing to obtain his consent before conceding his guilt for non-felonious breaking and/or entering to the jury during his closing argument. He argues that the record "fails to establish that the concession was voluntary, fails to establish that the defendant gave prior consent, and fails to show[] that defendant was even aware the concession would take place." Defendant also faults the trial court for allowing his counsel to make this argument without first ascertaining whether the defendant had consented. Defendant insists, "At no time did the trial court make an inquiry into whether defendant had given counsel permission to enter any type of admission or guilt concession during the trial."
Defense counsel renders ineffective assistance, "per se in violation of the Sixth Amendment," if counsel "admits the defendant's guilt to the jury without the defendant's consent." State v. Harbison, 315 N.C. 175, 180, 337 S.E.2d 504, 507-08 (1985), cert. denied, 476 U.S. 1123, 90 L. Ed. 2d 672 (1986). The decision to concede guilt to a lesser included crime must "be made exclusively by the defendant." Id. at 180, 337 S.E.2d at 507. Moreover, the trial court must create a "clear record" demonstrating that defendant's consent was knowing and voluntary and based upon a full appreciation of the consequences. State v. Perez, 135 N.C. App. 543, 547, 522 S.E.2d 102, 106 (1999), appealdismissed and disc. rev. denied, 351 N.C. 366, 543 S.E.2d 140 (2000). However, the trial court need not engage the defendant in the formal colloquy required for a guilty plea under N.C. Gen. Stat. § 15A-1022(a) (2003). Id. at 548, 522 S.E.2d at 106. Indeed, there is no "particular procedure that the trial court must invariably follow when confronted with a defendant's concession." State v. Berry, 356 N.C. 490, 514, 573 S.E.2d 132, 148 (2002). For this Court to conclude that defendant authorized a concession by his counsel, "the facts must show, at a minimum, that defendant knew his counsel were going to make such a concession." State v. Matthews, 358 N.C. 102, 109, 591 S.E.2d 535, 540 (2004).
The trial transcript reveals that, during his closing argument, defense counsel conceded "there was a crime committed[,]" but claimed defendant had gone into the warehouse spontaneously while out "drunk" and joy-riding and not with the intent to commit larceny. Counsel then expressly asked the jury to "find [defendant] guilty of non-felonious breaking and/or entering." In the jury's absence, the prosecutor asked the court to make a record of defendant's consent to his counsel's concession to the lesser included offense.
The trial court first asked defense counsel if he had discussed this decision with defendant:
THE COURT: What say you to that, [counsel]? Has that matter been discussed?
[COUNSEL]: Yes, we discussed that, Your Honor. I discussed that with [defendant] before.
The court then engaged defendant in the following colloquy:
THE COURT: It is with your consent that your attorney has made the argument that the jury may find you guilty of non-felonious breaking or entering?
THE DEFENDANT: Yes, sir. I understand, sir.
THE COURT: And so you did make an admission to that extent?
THE DEFENDANT: Yes, sir.
. . .
THE COURT: . . . [F]or the record, do I understand that you freely, voluntarily, knowingly, and intelligently consent to the argument made by counsel that this jury may find you guilty of non-felonious breaking or entering, and that you make an admission to that extent?
THE DEFENDANT: Yes, sir. He has my consent. He did a good job.
THE COURT: All right. And you're not presently under the influence of any medications or substance of any kind?
THE DEFENDANT: No, sir.
(Emphasis added).
"Although the better practice would be for defense counsel to make a record of a defendant's consent to concessions or admissions of guilt prior to making those concessions, . . . we conclude that the trial court's inquiry was adequate to establish that defendant had previously consented to his counsel's concession[.]" State v. Johnson, 161 N.C. App. 68, 77, 587 S.E.2d 445, 451 (2003), appeal dismissed and disc. rev. denied, 358 N.C. 239, 595 S.E.2d 693 (2004). Counsel acknowledged that he had conferred with defendant prior to giving his closing argument, and defendant repeatedly expressed his consent to and satisfaction with counsel's strategy. As such, defendant's ineffective assistance of counsel argument is without merit.
The record on appeal contains additional assignments of error not addressed by defendant in his appellant's brief. Pursuant to N.C.R. App. P. 28(b)(6) (2004), we deem them abandoned.
No error.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).