STATE OF NORTH CAROLINA
v.
OWEN AMICK.
No. COA8-760.
Court of Appeals of North Carolina.
Filed April 21, 2009.
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General LaToya B. Powell, for the State
M. Alexander Charns for defendant-appellant.
ROBERT C. HUNTER, Judge.
Owen Amick ("defendant") appeals from his convictions on the charges of second degree rape and assault by strangulation. We find no error.
The State's evidence tended to show that on 8 June 2007, the victim, N.C., a nineteen-year-old woman, was living in Cary, North Carolina, with her mother and younger brother. On the evening of the 8th, N.C. went to a party with some friends. Sometime around midnight, after returning to her apartment complex from the party, N.C. and her friends went to the pool. Upon arriving at the pool, they found defendant, who was N.C.'s former boyfriend, along with N.C.'s brother and some of defendant's friends. N.C. testified that when they got to the pool, "Owen had came out of the pool areatrying to fight everyone." Because of defendant's behavior, N.C.'s friends left. N.C. remained behind, and eventually she got into a fight with one of defendant's friends. N.C.'s brother ended the fight by picking N.C. up, throwing her over his shoulder, and carrying her away.
Eventually, N.C.'s brother put her down, and she headed towards a nearby Kroger supermarket to buy some cigarettes. While N.C. was walking, she realized defendant was running after her. N.C. started running, but defendant caught up to her and knocked her down. Defendant got on top of N.C. and told her he "just wanted to talk to her." N.C. told defendant she did not want to have anything to do with him. Defendant refused to get off of her and he began to choke her. In an attempt to break free, N.C. burned defendant's shoulder with a cigarette and bit him on his arm. N.C. managed to escape from defendant for a brief moment by kicking him in the face, but defendant quickly regained control by jumping on top of her. Defendant then grabbed N.C. by the hair and dragged her behind a bush. Once behind the bush, defendant began to remove N.C.'s clothing. N.C. initially tried to stop defendant from removing her clothes, but testified that "I thought I was going to die if I didn't let him. So I laid there." After removing N.C.'s pants, defendant forcefully picked her up and turned her onto her stomach, "body slamm[ing]" her onto the ground in the process. Defendant then proceeded to have sex with N.C., penetrating her from behind. Defendant was convicted of second degree rape and assault by strangulation. The trial court sentenced defendant to a term of 133 to 169 months imprisonment for the rape conviction, and a consecutive term of 11 to 14 months imprisonment for the assault conviction. Defendant appeals.
Defendant first argues that he did not receive a fair trial because his attorney admitted his guilt without his consent. We are not persuaded.
In State v. Harbison, 315 N.C. 175, 337 S.E.2d 504 (1985), our Supreme Court held that
[w]hen counsel admits his client's guilt without first obtaining the client's consent, the client's rights to a fair trial and to put the State to the burden of proof are completely swept away. The practical effect is the same as if counsel had entered a plea of guilty without the client's consent. Counsel in such situations denies the client's right to have the issue of guilt or innocence decided by a jury.
Id. at 180, 337 S.E.2d at 507 (citation omitted), cert. denied, 476 U.S. 1123, 90 L. Ed. 2d 672 (1986). Our Supreme Court has further stated that a violation of Harbison constitutes a per se violation of a defendant's right to the effective assistance of counsel. State v. Matthews, 358 N.C. 102, 109, 591 S.E.2d 535, 540-41 (2004). Moreover, "`statements contained in closing arguments to the jury are not to be placed in isolation or taken out of context on appeal. Instead, on appeal we must give consideration to the context in which the remarks were made and the overall factual circumstances to which they referred.'" State v. Thompson, 359 N.C. 77, 110, 604 S.E.2d. 850, 873 (2004) (quoting State v. Green, 336N.C. 142, 188, 443 S.E.2d 14, 41, cert. denied, 513 U.S. 1046, 130 L. Ed. 2d 547 (1994)), cert. denied, 546 U.S. 830, 163 L. Ed. 2d 80 (2005).
Here, when viewed in context, we conclude that counsel's statements during closing arguments did not constitute ineffective assistance of counsel per se under Harbison. Counsel made the following argument:
Okay. These two people, Owen and [N.C.], are hardly Ozzie and Harriet. They are not the Beaver Cleaver parents either. This couple may well have been in an abusive relationship. I don't doubt that.
But you are not sitting here trying Owen for being in an abusive relationship. You are not sitting here trying him for being not your model of a boyfriend or a potentially good husband or anything like that.
You are trying him for a specific crime  two actually  that occurred during a very short period of time, 30 minutes, maybe less, at around two, 2:30 in the morning on June 9th. You are not trying him for anything else.
You can find and consider and think oh, yeah, he hit this girl back in May. He was mean to this girl back some months ago. He might have even raped this girl like she said in the past.
That's not what you are here to consider. You are here to consider whether or not on this night, with all the discrepancy and the facts that you heard from the witness, the only witness when [sic] was there, whether that night, during that 30 minute period this crime occurred.
It is clear that counsel made no express admission of guilt. Instead, counsel was merely informing the jury that even if it believed N.C.'s claims that defendant had previously assaulted andraped her, it should ignore this evidence and instead solely consider whether defendant had committed the offenses for which he was being tried. See, e.g., State v. Gainey, 355 N.C. 73, 93, 558 S.E.2d 463, 476, cert. denied, 537 U.S. 896, 154 L. Ed. 2d 165 (2002) (no Harbison violation where defense counsel merely noted defendant's involvement in the events surrounding the death of the victim, arguing that "if he's guilty of anything, he's guilty of accessory after the fact. He's guilty of possession of a stolen vehicle"). Thus, in the case at bar, counsel never actually admitted the guilt of defendant to any charge, nor did counsel claim that defendant should be found guilty of some offense.
Defendant further argues that counsel's admissions that there was an abusive relationship was tantamount to vouching for the truthfulness of N.C.'s testimony. We disagree. Counsel repeatedly attacked N.C.'s credibility during closing arguments. Counsel highlighted inconsistencies in her story, and noted her admissions that she had used controlled substances and had been involuntarily committed prior to the night in question. Counsel accordingly argued that N.C. should not be believed. Accordingly, we overrule defendant's assignment of error.
Defendant next argues that the trial court committed plain error by allowing the prosecution and witnesses to repeatedly refer to N.C. as the "victim." Defendant further contends that the trial court committed plain error by allowing the prosecution, N.C. and N.C.'s mother to state that he had "raped" N.C. Defendant contends that use of the word "rape" was plain error because it constituted an impermissible legal conclusion. We disagree.
"A plain error is one `so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.'" State v. Carroll, 356 N.C. 526, 539, 573 S.E.2d 899, 908 (2002) (quoting State v. Bagley, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), cert. denied, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988)), cert. denied, 539 U.S. 949, 156 L. Ed. 2d 640 (2003). It is to be applied cautiously and only in the exceptional case where the error is so prejudicial, that justice cannot have been done. State v. Baldwin, 161 N.C. App. 382, 388, 588 S.E.2d 497, 503 (2003) (citing State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)).
We initially note that our Supreme Court has held that referring to the prosecuting witness as "the victim" does not constitute plain error. State v. McCarroll, 336 N.C. 559, 565-66, 445 S.E.2d 18, 22 (1994). Furthermore, our Supreme Court has also held that use of the term "rape" does not constitute an impermissible legal conclusion when used as a "convenient shorthand term" to describe the victim's version of events. State v. Goss, 293 N.C. 147, 154, 235 S.E.2d 844, 849 (1977); see also State v. Vinson, 287 N.C. 326, 339, 215 S.E.2d 60, 70 (1975) (witness's use of the word rape did not constitute an opinion on a question of law). Here, N.C. had testified that defendant had sex with her without her consent. Thus, the subsequent use of the term rape wasa permissible "shorthand term" used to describe N.C.'s prior testimony. Accordingly, we conclude there was no plain error.
No error.
Judges McGEE and JACKSON concur.
Report per Rule 30(e).