INMAN, Judge.
 

 *822
 
 Defense counsel's closing arguments, which admitted some elements of the charged offenses, while maintaining Defendant's
 
 *505
 
 innocence, did not constitute
 
 per se
 
 ineffective assistance of counsel.
 

 Derek Jack Cholon ("Defendant") appeals the judgment entered after a jury found him guilty of statutory sexual offense and taking indecent liberties with a child. On appeal, Defendant contends that he received ineffective assistance of counsel. After careful review, we hold that Defendant has failed to demonstrate reversible error in his direct appeal.
 

 I. Factual And Procedural History
 

 The State's evidence tended to show the following:
 

 On 6 March 2013, Defendant met M.B. through Jack'd, described as "an application where you can meet gay men and have sex." M.B. was 15 years old at the time; however, he indicated on his online profile that he was 18 years old, the minimum age requirement for Jack'd. M.B. received a signal on Jack'd indicating that Defendant wanted to speak with M.B. Defendant and M.B. exchanged messages and nude photographs. They agreed to meet later that night in Jacksonville, North Carolina, at a stop sign at the end of the street where M.B. lived.
 

 Defendant arrived at the stop sign at approximately 10:30 pm. M.B. got into the front passenger seat of Defendant's car and instructed him to drive to a dirt road in a wooded area located in the back of the neighborhood. Once there, Defendant performed oral sex on M.B. and M.B. "fingered" Defendant. They remained in Defendant's car for twenty to thirty minutes until a Jacksonville Police Department patrol car arrived, turned on bright "takedown lights," and Officer Taylor Wright approached Defendant's car. Officer Wright, who had been patrolling the neighborhood following a series of break-ins, had driven down the dirt road in response to a suspicious vehicle report.
 

 *823
 
 Defendant and M.B. each initially told Officer Wright that they were just sitting and talking. Officer Wright requested that her backup, Officer David Livingston, question M.B. alone while she spoke with Defendant. M.B. initially told Officer Livingston that he was 18 years old and provided a false address. However, after Officer Livingston expressed doubt as to M.B.'s truthfulness, M.B. admitted that he was 15 years old and provided his correct address.
 

 Defendant told Officer Wright that "he had performed oral sex on [M.B.], and that they were kissing." Defendant said he believed that M.B. was 18 years old. Officer Wright confirmed Defendant's birth date as 16 December 1971. After determining that Defendant had outstanding warrants, Officer Wright arrested Defendant and transported him to the Jacksonville Police Department. At the station, Defendant made a written statement, containing in pertinent part:
 

 We proceeded to a secluded area and sat in the car and talked. After about ten minutes, the police arrived. Before the police arrived, I gave [M.B.] oral and we kissed. I advised the police that I have screen shots of his two profiles on my phone, and that I asked [M.B.] his age and he said he was 18.
 

 On 8 April 2014, Defendant was indicted on one count each of first degree statutory sexual offense, crime against nature, and indecent liberties with a child. The charges
 
 [1]
 
 came on for trial on 7 July 2015 in Onslow County Superior Court, Judge Jack W. Jenkins presiding.
 

 On the first day of trial, defense counsel filed a motion to suppress Defendant's alleged verbal statements to police and his subsequent written statement. In support of the motion to suppress, counsel submitted an affidavit by Defendant stating under oath that he did not tell Officer Wright at any time that he engaged in oral sex or kissing with M.B. and stating that he does not remember giving an oral statement to police, because of a medical condition that makes him prone to blackout. The trial court denied the motion, and the oral and written statements were admitted into evidence.
 

 Defendant did not testify or present evidence at trial. In his closing argument to the jury, defense counsel conceded that M.B. was a minor at the time of the sexual encounter and that Defendant's oral and written confessions
 
 *506
 
 to police were true. Specifically, defense counsel said about M.B.: "He, apparently was, and I don't think otherwise, that on this
 
 *824
 
 occasion he was 15 years old." In reviewing with the jury Defendant's statements to officers, defense counsel remarked:
 

 What does [Defendant] say? The officer comes back there, Officer Wright comes back there and begins to talk to him and he tells this officer the truth; tells her what happened between the two of them. "I gave him oral, and we were kissing." But now we know that there's more than kissing going on with [M.B.]. He gets on the stand and he admits that he was massaging or using his fingers to massage [Defendant's] anus. So now he admits that.
 

 ...
 

 [Defendant] did not say anything that was not truthful, apparently except, "We were just talking." And when the officers persisted with the asking about what happened, he told them the truth. He didn't lie to them. He wrote it down in a statement, which you read. So here he is. He's looking-subject to go to prison for such a long time.
 

 The jury found Defendant guilty of both charges. He was sentenced to concurrent prison terms of 144 to 233 months for statutory sexual offense and 10 to 21 months for taking indecent liberties with a minor. The trial court also ordered Defendant to register as a sex offender for thirty years. Defendant gave oral notice of appeal in open court.
 

 One week later, Defendant submitted a
 
 pro se
 
 letter to the trial court requesting a mistrial on the basis that his counsel "entered an admission of guilt on my behalf without my permission during his closing statement."
 

 II. Ineffective Assistance of Counsel
 

 Defendant argues that his trial counsel admitted guilt to each disputed element of the charged offenses in closing argument without his consent, constituting
 
 per se
 
 ineffective assistance of counsel. Because defense counsel only implicitly conceded some-but not all-of the elements of each charge and urged jurors to find Defendant not guilty of each charge, we hold that counsel was not
 
 per se
 
 ineffective.
 

 A. Standard of Review and Legal Standards for Ineffective Assistance of Counsel Claims
 

 "On appeal, this Court reviews whether a defendant was denied effective assistance of counsel
 
 de novo
 
 ."
 
 State v. Wilson
 
 ,
 
 236 N.C.App. 472
 
 , 475,
 
 762 S.E.2d 894
 
 , 896 (2014) (citation omitted).
 

 *825
 
 In general, state appellate courts including this Court determine claims of ineffective assistance of counsel following the standards established by the United States Supreme Court in
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 ,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984). To establish ineffective assistance of counsel under
 
 Strickland
 
 , "[f]irst, the defendant must show that counsel's performance was deficient."
 
 State v. Braswell
 
 ,
 
 312 N.C. 553
 
 , 562,
 
 324 S.E.2d 241
 
 , 248 (1985). "Second, the defendant must show that the deficient performance prejudiced the defense."
 
 State v. Campbell
 
 ,
 
 359 N.C. 644
 
 , 690,
 
 617 S.E.2d 1
 
 , 29 (2005) (quoting
 
 Strickland
 
 ,
 
 466 U.S. at 687
 
 ,
 
 104 S.Ct. at 2064
 
 ,
 
 80 L.Ed.2d at
 
 693 ). However, the North Carolina Supreme Court has identified one type of ineffective assistance of counsel that is
 
 per se
 
 prejudicial. In
 
 State v. Harbison
 
 , the North Carolina Supreme Court held that "ineffective assistance of counsel,
 
 per se
 
 in violation of the Sixth Amendment, has been established in every criminal case in which the defendant's counsel admits the defendant's guilt to the jury without the defendant's consent."
 
 315 N.C. 175
 
 , 180,
 
 337 S.E.2d 504
 
 , 507-08 (1985).
 

 B. Analysis
 

 Defendant contends that he received ineffective assistance of counsel
 
 per se
 
 when his trial counsel conceded all of the elements of the State's case in closing argument without Defendant's consent, so that pursuant to
 
 Harbison
 
 , this Court must order a new trial.
 

 In
 
 Harbison
 
 , the defendant's counsel maintained throughout trial that the defendant had acted in self-defense; however, during closing arguments, defense counsel urged the jury to convict the defendant of manslaughter rather than first-degree murder.
 
 Id.
 
 at 177-78,
 
 337 S.E.2d at 506
 
 . The North Carolina
 
 *507
 
 Supreme Court held that counsel rendered
 
 per se
 
 ineffective assistance to the defendant, explaining:
 

 [T]he gravity of the consequences demands that the decision to plead guilty remain in the defendant's hands. When counsel admits his client's guilt without first obtaining the client's consent, the client's rights to a fair trial and to put the State to the burden of proof are completely swept away. The practical effect is the same as if counsel had entered a plea of guilty without the client's consent. Counsel in such situations denies the client's right to have the issue of guilt or innocence decided by a jury.
 

 Id.
 
 at 180,
 
 337 S.E.2d at 507
 
 .
 

 In a line of cases following
 
 Harbison
 
 , our appellate courts have found that "a defendant receives ineffective assistance of counsel
 
 per se
 

 *826
 
 when the defendant's counsel concedes the defendant's guilt to either the offense charged or a lesser-included offense without the defendant's consent."
 
 State v. Holder
 
 ,
 
 218 N.C.App. 422
 
 , 424,
 
 721 S.E.2d 365
 
 , 367 (2012) (citation omitted). But our courts have distinguished
 
 Harbison
 
 in cases in which defense counsel did not
 
 expressly concede
 
 the defendant's guilt or admitted only certain elements of the charged offense.
 
 See, e.g.
 
 ,
 
 State v. Gainey
 
 ,
 
 355 N.C. 73
 
 , 92-93,
 
 558 S.E.2d 463
 
 , 476 (2002) (holding no
 
 Harbison
 
 violation occurred when defense counsel stated "if he's guilty of anything, he's guilty of accessory after the fact," because the statement did not amount to an admission of murder and the defendant was not charged as an accessory);
 
 State v. Hinson
 
 ,
 
 341 N.C. 66
 
 , 78,
 
 459 S.E.2d 261
 
 , 268 (1995) (holding no
 
 Harbison
 
 violation occurred when defense counsel did not concede to the jury that the defendant himself had committed any crime);
 
 State v. Fisher
 
 ,
 
 318 N.C. 512
 
 , 532-33,
 
 350 S.E.2d 334
 
 , 346 (1986) (holding no
 
 Harbison
 
 violation occurred when defense counsel conceded malice-an element of first-degree murder-but did not clearly admit guilt and told the jury it could find the defendant not guilty);
 
 State v. Wilson
 
 ,
 
 236 N.C.App. 472
 
 , 475-78,
 
 762 S.E.2d 894
 
 , 896-97 (2014) (holding no
 
 Harbison
 
 violation occurred when defense counsel conceded that the defendant, who was charged with attempted first degree murder, was guilty of assault by pointing a gun, a charge not presented to the jury);
 
 State v. Randle
 
 ,
 
 167 N.C.App. 547
 
 , 551-52,
 
 605 S.E.2d 692
 
 , 695 (2004) (noting that "our Supreme Court has found no
 
 Harbison
 
 violation where defense counsel did not expressly admit the defendant's guilt");
 
 State v. Maniego
 
 ,
 
 163 N.C.App. 676
 
 , 684,
 
 594 S.E.2d 242
 
 , 247 (2004) (holding that defense counsel's opening statement placing the defendant at the scene of the crime was not a concession of guilt under
 
 Harbison
 
 ).
 

 Here, Defendant was charged with statutory sexual offense pursuant to
 
 N.C. Gen. Stat. § 14-27
 
 .7A(a) (2013)
 
 [2]
 
 , providing for a defendant's guilt "if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person," and indecent liberties pursuant to
 
 N.C. Gen. Stat. § 14-202.1
 
 (a)(2) (2013), providing for a defendant's guilt if, "being 16 years of age or more and at least five years older than the child in question, he ... [w]illfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years."
 

 *827
 
 Defense counsel did not expressly concede Defendant's guilt.
 
 See
 

 Maniego
 
 ,
 
 163 N.C.App. at 683
 
 ,
 
 594 S.E.2d at 246
 
 ("To establish a
 
 Harbison
 
 claim, the defendant must first show that his trial attorney has made a concession of guilt."). Defense counsel did not admit each element of each offense. For example, defense counsel did not admit that Defendant was six or more years older than M.B. and did not admit that Defendant willfully committed a lewd or lascivious act.
 
 N.C. Gen. Stat. § 14-27
 
 .7A ;
 
 N.C. Gen. Stat. § 14-202.1
 
 (a)(2). And at the close of his argument, defense counsel asked the
 
 *508
 
 jury to find Defendant not guilty of the charged offenses.
 

 "Admission by defense counsel of an element of a crime charged, while still maintaining the defendant's innocence, does not necessarily amount to a
 
 Harbison
 
 error."
 
 Wilson
 
 ,
 
 236 N.C.App. at 476
 
 ,
 
 762 S.E.2d at 897
 
 . Accordingly, we hold that the principles set out in
 
 Harbison
 
 do not require a finding of
 
 per se
 
 ineffective assistance of counsel in this case.
 

 III. The Trial Court's Failure to Conduct an Inquiry or Take Further Action Following Defense Counsel's Concessions in Closing Argument
 

 Defendant also contends, related to his
 
 Harbison
 
 argument, that the trial court erred by failing to inquire into defense counsel's concession of Defendant's guilt. Because we conclude that the record before us does not establish a
 
 Harbison
 
 error, we reject this argument as well.
 

 IV. Motion for Appropriate Relief
 

 Defendant has filed concurrently with his direct appeal a motion for appropriate relief contending that he received ineffective assistance of counsel. Defendant argues that if this Court does not order a new trial, we should hold the appeal in abeyance, order the trial court to hold an evidentiary hearing, and direct the trial court to transmit the order to this Court so that it can rule on the motion. The record precludes Defendant's claim for ineffective assistance of counsel and no additional evidence could change the outcome of his claim. We therefore deny Defendant's motion.
 

 Because this case "does not fall with the
 
 Harbison
 
 line of cases where violation of the defendant's Sixth Amendment rights are presumed, [Defendant's] claim of ineffective assistance of counsel must be analyzed using the
 
 Strickland
 
 factors."
 
 Fisher
 
 ,
 
 318 N.C. at 533
 
 ,
 
 350 S.E.2d at
 
 346 ;
 
 see also
 

 State v. Strickland
 
 ,
 
 346 N.C. 443
 
 , 460-61,
 
 488 S.E.2d 194
 
 , 205 (1997). To obtain relief pursuant to
 
 Strickland
 
 , a defendant must demonstrate not only that his counsel's performance was deficient, but that it prejudiced
 
 *828
 
 the defense.
 
 Braswell
 
 ,
 
 312 N.C. at 562
 
 ,
 
 324 S.E.2d at
 
 248 ;
 
 Campbell
 
 ,
 
 359 N.C. at 690
 
 ,
 
 617 S.E.2d at 29
 
 . If defense counsel's performance did not prejudice the defense, we need not determine whether counsel's performance was deficient.
 
 State v. Phillips
 
 ,
 
 365 N.C. 103
 
 , 122,
 
 711 S.E.2d 122
 
 , 138 (2011). "Prejudice is established by showing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."
 
 Campbell
 
 ,
 
 359 N.C. at 690
 
 ,
 
 617 S.E.2d at 29
 
 (quoting
 
 Strickland
 
 ,
 
 466 U.S. at 687
 
 ,
 
 104 S.Ct. at 2064
 
 ,
 
 80 L.Ed.2d at
 
 693 ). Here, the record reveals such overwhelming evidence of Defendant's guilt that we cannot conclude that but for defense counsel's ineffective assistance, the result of the trial would have been different.
 

 This Court has explained:
 

 In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal. This is so because this Court, in reviewing the record, is without the benefit of information provided by defendant to trial counsel, as well as defendant's thoughts, concerns, and demeanor, that could be provided in a full evidentiary hearing on a motion for appropriate relief. However, ineffective assistance of counsel claims are appropriately reviewed on direct appeal when the cold record reveals that no further investigation is required,
 
 i.e.
 
 , claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing.
 

 State v. James
 
 , --- N.C. App. ----, ----,
 
 774 S.E.2d 871
 
 , 876 (2015),
 
 aff'd
 
 ,
 
 368 N.C. 728
 
 ,
 
 782 S.E.2d 509
 
 (2016) (internal quotation marks and citations omitted).
 

 Here, the record is sufficient to conduct a
 
 Strickland
 
 analysis and no further investigation is required in order to conduct a meaningful review. The record precludes Defendant from demonstrating that, but for the alleged deficient performance of his counsel, he would have received a different verdict.
 

 The State presented overwhelming evidence of Defendant's guilt as to both charges. At trial, Officer Wright testified that shortly after the incident, Defendant admitted
 
 *509
 
 that he had performed oral sex on M.B. and that they had kissed. Defendant's written statement, wherein he admitted that "I gave [M.B.] oral and we kissed," was also admitted into evidence. Testimonial evidence also established that Defendant was born in 1971, and that M.B. was 15 years of age at the time of the incident.
 
 *829
 
 M.B. testified about the sexual encounter. In a hearing outside the presence of the jury, the trial court conducted a colloquy with Defendant regarding his right to testify. Defendant stated that he had previously decided not to testify and that it was still his decision not to testify.
 

 Defendant has not met his burden to show that, but for his counsel's statements in closing argument, the result of the proceeding would be any different. Given our holding-based on careful consideration of the record-that Defendant did not receive ineffective assistance of counsel, we deny Defendant's motion for appropriate relief.
 

 V. Conclusion
 

 For the aforementioned reasons, we hold that Defendant has failed to establish prejudicial error.
 

 NO ERROR.
 

 Judges BRYANT and TYSON concur.
 

 [1]
 

 Prior to trial, the State abandoned the crime against nature charge.
 

 [2]
 

 N.C. Gen. Stat. § 14-27
 
 .7A was recodified as
 
 N.C. Gen. Stat. § 14-27.25
 
 , effective 1 December 2015. 2015 N.C. Sess. Laws. ch. 181, § 7(a).