STATE OF NORTH CAROLINA v. MICHAEL RAY KING

No. COA11-568

(Filed 7 February 2012)

**1. Appeal and Error—lack of transcript or adequate alternative narration—meaningful review—precluded in habitual felon proceeding—not precluded on remaining issues**

The almost complete lack of transcript or adequate alternative narration of the habitual felon phase of the proceedings in the trial court precluded any meaningful appellate review of the proceeding. The matter was remanded for a new determination of defendant's habitual felon status and sentencing. The incompleteness of the record did not preclude meaningful review of the remaining charges.

**2. Evidence—police officer testimony—defendant's post-Miranda silence—defendant's inquiry on cross-examination**

The trial court did not commit plain error in a possession with intent to sell or deliver cocaine, selling cocaine, and possession of drug paraphernalia case by allowing a police officer to testify that defendant refused to make a statement after being read his *Miranda* rights. Even if the prosecutor's questions were intended to focus the jury's attention on defendant's silence and lack of cooperation with law enforcement following his arrest, the error did not amount to plain error when defendant made the same inquiry on cross-examination.

**3. Constitutional Law—effective assistance of counsel—incomplete transcript—dismissed without prejudice**

Defendant's argument that his trial counsel rendered ineffective assistance of counsel by admitting defendant's guilt to the charge of possession of drug paraphernalia during her closing argument without defendant's consent was dismissed without prejudice to defendant's right to file a motion for appropriate relief requesting an evidentiary hearing on the matter. The incomplete record before the Court of Appeals contained no indication that defendant's trial counsel obtained defendant's consent to concede his guilt to the charge of possession of drug paraphernalia or that an inquiry was made into the basis for the concession.

Appeal by defendant from judgments entered 11 September 2008 by Judge Beverly T. Beal in Buncombe County Superior Court. Heard in the Court of Appeals 26 October 2011.

*Attorney General Roy Cooper, by Special Deputy Attorney General Elizabeth Leonard McKay, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant-appellant.*

BRYANT, Judge.

Because neither a verbatim transcript nor adequate alternative is available to conduct a meaningful review of defendant's habitual felon status hearing, we reverse and remand for a new habitual felon status hearing. We hold there was no error in defendant's drug trial. However, because trial counsel conceded defendant's guilt to the charge of possession of drug paraphernalia and the record is incomplete as to whether defendant consented to such a concession, we dismiss this issue without prejudice to defendant's right to file a motion for appropriate relief in the trial court.

In June 2008, defendant Michael King was indicted on charges of possession with intent to sell or deliver cocaine, selling cocaine, possession of drug paraphernalia, and attaining habitual felon status. The matter was brought on for trial before a jury on 8 September 2008.

At trial, the evidence presented showed that on 4 January 2008 at 1:00 a.m., two plain-clothed officers with the Asheville Police Department Drug Suppression Unit were driving in the area of the Lee Walker Heights Apartment complex, an area from which the department had received a number of complaints regarding drug activity. The officers were in an unmarked vehicle. Defendant approached the vehicle and one of the officers asked if he could purchase thirty dollars worth of "crack cocaine." Defendant took the money, entered the apartment complex, and within five minutes returned and handed drugs to the officer. A marked police car, surveilling the transaction, then arrived and arrested defendant.

Defendant was found guilty of possession with intent to sell or deliver cocaine, sale of cocaine, and possession of drug paraphernalia. Subsequently, defendant was found guilty of attaining habitual felon status. The trial court entered judgment in accordance with the jury verdict, sentencing defendant to thirty days for possession of drug paraphernalia, and consecutive sentences of 150 to 189 months

for possession with intent to sell or deliver cocaine and selling cocaine. Defendant appealed.

As an indigent person with appointed appellate counsel, defendant requested a transcript of the proceeding. A partial transcript was provided; however, sections were missing and deemed unrecoverable.

On appeal, defendant raises the following questions: (I) Whether defendant is entitled to a new trial because of the State's inability to provide a complete transcript of the proceedings; (II) whether the trial court committed plain error by allowing a witness to testify to defendant's refusal to make a statement; and (III) whether defendant was provided ineffective assistance of counsel.

*I*

[1] Defendant argues that he is entitled to a new trial on all charges because the State has failed to provide him with a complete transcript of the proceedings. Defendant contends that he has attempted to reconstruct the missing portions of the transcript but to no avail. As a result, he is unable to procure meaningful appellate review and is entitled to a new trial. We agree, in part.

Under North Carolina General Statutes, section 7A-452,

> [i]n cases in which an indigent person has entered notice of appeal and appellate counsel has been appointed by the Office of Indigent Defense Services, the clerk of superior court shall make a copy of the complete trial division file in the case, make a copy of documentary exhibits upon request, and furnish those files and any requested documentary exhibits to the appointed attorney.

N.C. Gen. Stat. § 7A-452(e) (2009).

> Although due process does not "require[] a verbatim transcript of the entire proceedings," *Karabin v. Petsock*, 758 F.2d 966, 969 (3d Cir. 1985), *cert. denied*, 474 U.S. 857, 106 S. Ct. 163 (1985), the United States Supreme Court has held that an appellate "counsel's duty cannot be discharged unless he has a transcript of the testimony and evidence presented by the defendant and also the court's charge to the jury, as well as the testimony and evidence presented by the prosecution." *Hardy v. United States*, 375 U.S. 277, 282, 11 L. Ed. 2d 331, 335 (1964).

*State v. Hobbs,* 190 N.C. App. 183, 185, 660 S.E.2d 168, 170 (2008).

> The unavailability of a verbatim transcript does not automatically constitute error. *See Hunt v. Hunt,* 112 N.C. App. 722, 726, 436 S.E.2d 856, 859 (1993). To prevail on such grounds, a party must demonstrate that the missing recorded evidence resulted in prejudice. [*In re Clark,* 159 N.C. App. 75, 80, 582 S.E.2d 657, 660 (2003)]. General allegations of prejudice are insufficient to show reversible error. *Id.; In re Peirce,* 53 N.C. App. 373, 382, 281 S.E.2d 198, 204 (1981) (finding an insufficient showing of prejudice where appellee did not indicate the content of the lost testimony in the record). As to unavailable verbatim transcripts, a party has the means to compile a narration of the evidence through a reconstruction of the testimony given. *In re Clark,* 159 N.C. App. at 80, 582 S.E.2d at 660 (citing *Miller v. Miller,* 92 N.C. App. 351, 354, 374 S.E.2d 467, 469 (1988)); N.C.R. App. P. 9(c)(1).

*State v. Quick,* 179 N.C. App. 647, 651, 634 S.E.2d 915, 918 (2006). "Without an adequate alternative, this Court must determine whether the incomplete nature of the transcript prevents the appellate court from conducting a meaningful appellate review, in which case a new trial would be warranted." *Hobbs,* 190 N.C. App. at 187, 660 S.E.2d at 171 (citation and quotations omitted).

In an attempt to reconstruct the missing portions of the transcript, defendant requested a statement of any detailed memory of what occurred at trial or detailed notes taken during the trial from the following court officers: Judge Beverly Beal, who presided over the trial; Buncombe County Clerk of Superior Court; the assistant district attorney who prosecuted the matter; defendant's public defender; and the Deputy Clerk of Court who was present during the trial. Specifically, defendant noted the following portions of the proceedings that were missing from the transcript:

> 1) several answers given by the defendant during Judge Beal's colloquy with him regarding his decision not to testify; 2) several portions of both [the prosecutor's] and [defense counsel's] closing arguments; 3) the substantive jury instruction on the charge of selling cocaine in case number 08 CRS 50163; 4) the substantive jury instruction on the charge of possession of drug paraphernalia in case number 08 CRS 50164; 5) the concluding jury instructions regarding jury unanimity, the requirement that the judge be impartial, the juror's duty to recall all of the evidence, etc; 6) anything that occurred during jury delib-

erations and/or any questions that may have arisen during jury deliberations in the possession with intent to sell or deliver cocaine, selling cocaine, and possession of drug paraphernalia trial; 7) the return of the verdicts in the possession with intent to sell or deliver cocaine, selling cocaine, and possession of drug paraphernalia trial; and 8) the entire habitual felon trial, including opening statements, evidence, closing arguments, instructions, and jury deliberations.

Judge Beal responded that his notes from the trial state "Defendant does not wish to present evidence. I conducted a voir dire examination of Defendant on his decision not to testify" and that "the verdicts on the underlying charges were announced at 4:14 p.m., and the verdicts were 'Guilty.' There was no motion to poll the jury. In the second phase of the trial evidence was presented. The jury was presented with three charges of Habitual Felon status, and all were returned 'Guilty.' " With the exception of Judge Beal, no official had a detailed memory of the trial or notes on the proceedings.

Reviewing the record, we note that defendant does not contest the completeness and accuracy of the transcript with regard to the following portions of the trial: defendant's arraignment; defendant's motions for complete recordation and sequestration of witnesses; the State's motion to join the charges for trial; jury selection and impaneling; opening statements by the prosecution and defense counsel; the testimony of the State's witnesses—direct and cross-examinations through the prosecution resting its case; the hearing on defendant's motion to dismiss, as well as, the trial court's ruling; the defense resting its case; a Rule 21 conference—discussing what instructions were to be provided the jury; the verdict in the Habitual Felon proceeding; the sentencing hearing; and the judgment.

Defendant contends, however, that the transcript is incomplete with regard to significant portions of the trial proceedings, including some of defendant's answers during the trial court's colloquy regarding defendant's decision not to testify:

Court:          [Defendant], do you understand as a defendant charged in a criminal case you are not required to testify. Do you understand that?

Defendant:      I do.

Court:          Do you understand that if you do testify, or did decide to testify, that you would be subject to cross-examination by the district attorney?

Defendant:     I do.

Court:         And do you understand that if you testify he can cross-examine you about prior convictions as well as other things involving this case? Do you understand that?

Defendant:     I do.

Court:         Do you understand that, on the other hand, that if you felt like it was in your best interest to testify that you could testify in the case?

Defendant:     Yes.

Court:         But that if you do not testify that I will instruct the jury that they're not to hold that against you; do you understand that?

Defendant:     Yes.

. . .

Court:         Do you want to talk about it with your lawyer?

Defendant:     No.

Court:         Do you understand that, again, you could if you wanted to, but I'm not telling you to do so. I'm just being sure you understand you could if you wanted to. Do you understand that?

Defendant:     Yes.

Court:         But you've made the decision not to testify; is that right?

Defendant:     (Answer not audible enough to transcribe.)

Court:         All right.

Defense counsel:     . . . we have talked about it.

Defendant:     Well, we haven't talked about it today.

Court:         Right. But you understand—and I would not want you to think "I can't testify." You could if you wanted to.

Defendant:     I know.

**STATE v. KING**

[218 N.C. App. 347 (2012)]

Court: But you don't want to; is that right?

Defendant: (Answer not audible enough to transcribe.)

Court: All right; all right. You can have a seat. And the Court will instruct 101.30 [effect of the defendant's decision not to testify].

On the record, the trial court's inquiry and defendant's responses regarding his decision not to testify is substantially complete. Therefore, this record will not support defendant's contention that meaningful review of this issue is precluded. Defendant cannot show prejudice from the inaudible responses.

Defendant also contends that he is prejudiced on appeal by the transcript's failure to fully reflect the closing arguments of both the prosecutor and defense counsel.

In his closing argument, as reflected by relevant portions of the transcript, the prosecutor states that he will go through "the three charges that the defendant's facing and tell you what the elements are and show you how [the State has] proved [its] case beyond any reasonable doubt." The prosecutor first discusses the charge of selling a controlled substance—cocaine. The prosecutor discusses the individual elements of the offense and makes an argument as to how the facts should be applied to satisfy each element. There is no interruption in the transcript. Next, the prosecutor discusses the charge of possession with intent to sell or deliver cocaine. The prosecutor avers that the State must prove "defendant knowingly possessed cocaine . . . ." The transcript then acknowledges a break in the recording. The transcript resumes with the prosecutor's statements "So those are the only two elements that the State has to prove is that he knowingly possessed it and that he intended to sell it. And we know that he possessed it because he had it in his hands, and we know he intended to sell it because he got the money, went, came back and sold him the cocaine." Last, the prosecutor discusses the charge of possession of drug paraphernalia.

Because the only omission reflected in the transcript of the prosecutor's closing arguments relates to statements on the charge of possession with intent to sell or deliver cocaine and because the prosecutor recaps his discussion of the elements of that offense in his argument explaining the application of the facts to the elements, we find that meaningful appellate review of this issue is not precluded. Therefore, defendant is not prejudiced by the omissions.

As to defense counsel's closing argument, there is no indication that any portion of the transcript is missing; rather, in one sentence, defense counsel's words were not audible:

> You know the officer said, "We don't find pagers anymore." Well, they didn't find that. They didn't find baggies. He didn't have drugs in his pocket ready to (not audible enough to transcribe.) He's not adealer. He is not a drug dealer. They didn't find any money. No money on the defendant. None. Especially not that twenty dollars they gave him."

It appears that defense counsel's words which were "not audible enough to transcribe" amount to only a fragment of one sentence. This does not preclude meaningful appellate review.

Defendant contends that he is prejudiced on appeal by the transcript's omission of the substantive jury instruction on the charges of selling cocaine and possession of drug paraphernalia, as well as, the trial court's concluding instructions regarding jury unanimity, the judge's impartiality, the juror's duty to recall all of the evidence, etc., and anything that occurred during jury deliberations.

It does not appear that the transcript of the trial court's charge to the jury is incomplete. The transcript includes the trial court's instruction on the following: the jury has a duty to decide the facts from the evidence presented; defendant has entered a plea of "not guilty" entitling him to a presumption of innocence until proven guilty beyond a reasonable doubt; and the jury is the sole judge of a witness's credibility, as well as, the weight to be given the evidence. The transcript reflects the trial court's instruction on the charge of possessing cocaine with intent to sell or deliver but indicates that the device recording the proceedings stopped. The transcript continues with the trial court addressing the jury which had already begun deliberations. Omitted are the instructions on the charges of selling cocaine and possession of drug paraphernalia, and the trial court's instructions regarding jury unanimity, the judge's impartiality, the juror's duty to recall all of the evidence, etc. However, during the Rule 21 conference, which was recorded and appears in the record, the trial court discussed with the parties the instructions to be given to the jury. Specifically, the court stated pattern jury instructions N.C.P.I.—Crim. 101.05, the function of the jury; N.C.P.I.—Crim. 101.10, the burden of proof and reasonable doubt; N.C.P.I.—Crim. 101.15, credibility of witness; N.C.P.I.—Crim. 101.20, weight of the evidence; N.C.P.I.—Crim. 104.94, testimony of expert witness;

N.C.P.I.—Crim. 101.30, effect of the defendant's decision not to testify; N.C.P.I.—Crim. 105.20, impeachment or corroboration by prior statement; and N.C.P.I.—Crim. 104.05, circumstantial evidence. With regard to the charges of possession of a controlled substance with intent to sell or deliver and possession of drug paraphernalia, as well as, concluding instructions for the jury, the court stated to the parties the following:

> Then[,] possession of controlled substance with intent to sell or deliver, and the Court will instruct the jury on the elements first: The defendant knowingly possessed cocaine. Cocaine's a controlled substance. A person possesses cocaine when he is aware of its presence and has both the power and intent to control its disposition or use. Second, the defendant intended to sell or deliver it. I'm just briefly stating it. And then the mandate on that, [N.C.P.I.—Crim.] 260.21, sale of controlled substance. The defendant's been charged with selling it and the State must prove that beyond a reasonable doubt.

> [N.C.P.I.—Crim.] 260.95, possession or use of drug paraphernalia. I'm just going to say "possession of drug paraphernalia." I'm not going to use that phrase "use." First, he possessed the paraphernalia, and that describes what it is, and second, that he did this knowingly. And third, that the defendant did so with the intent to use the paraphernalia in order to consume a controlled substance which would be unlawful to possess, cocaine.

> Now, then, instructions on the—concluding instructions, 101.35 [concluding instructions—jury consider all evidence, judge not express opinion, unanimous verdict, selection of foreperson], with which you guys are familiar.

The trial court later asked if defendant requested any additional instructions. Defendant asked that the court give a "full instruction" on reasonable doubt and also asked for an instruction on entrapment. The record includes a transcript of the recorded discussion and the trial court's denial of defendant's request for an entrapment instruction. We also note that Judge Beal did not remember "any questions the jury may have asked or actions that [he] took in response to any questions or the giving of further instructions to the jury."

Based on the forecast of the jury instructions and the lack of any indication that the instructions provided deviated from those proposed, the incompleteness of the record does not deny defendant meaningful appellate review.

Defendant further contends that he is prejudiced on appeal by the transcript's omission of the return of the verdicts on the charges of possession with intent to sell or deliver cocaine, selling cocaine, and possession of drug paraphernalia trial.

As previously stated, where verbatim transcripts are unavailable, a reconstruction of the proceedings may be achieved by narration. *Quick*, 179 N.C. App. at, 651, 634 S.E.2d at 918. Here, Judge Beal's response to defendant's request for any notes or memory he had of the proceedings include the following:

> My notes on the verdicts just record: "Verdicts 4:14 Guilty, no motion to poll; second phase—evidence "H-1 H-2 H-3" Guilty." That means to me that the verdicts on the underlying charges were announced at 4:14 p.m., and the verdicts were "Guilty." There is no motion to poll the jury. In the second phase of the trial evidence was presented. The jury was presented with three charges of Habitual Felon status, and all were returned "Guillty." [sic]

Notwithstanding the lack of a transcript regarding the return of the verdicts on the charges of possession with intent to sell or deliver cocaine, selling cocaine, and possession of drug paraphernalia trial, Judge Beal's detailed reconstruction is sufficient for defendant to obtain meaningful appellate review of this issue.

Last, defendant contends that the lack of a verbatim transcript in the second phase of the trial, for a determination of defendant's habitual felon status, including opening statements, evidence, closing arguments, instructions, and jury deliberations, precludes meaningful appellate review. We agree.

The almost complete lack of a transcript or adequate alternative narration of the habitual felon phase of the proceedings in the lower court precludes our ability to review defendant's contentions on the habitual felon hearing and precludes any meaningful appellate review. *See Hobbs*, 190 N.C. App. at 187, 660 S.E.2d at 171. Accordingly, we remand this matter for a new determination of defendant's habitual felon status and sentencing.

*II*

**[2]** Next, defendant argues that the trial court committed plain error by allowing Officer Rice to testify that defendant refused to make a statement after being read his *Miranda* rights. We disagree.

[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Cummings*, 361 N.C. 438, 470, 648 S.E.2d 788, 807 (2007) (citation omitted).

[I]t is well established that a criminal defendant has a right to remain silent under the Fifth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment, and under Article I, Section 23 of the North Carolina Constitution. A defendant's decision to remain silent following his arrest may not be used to infer his guilt, and any comment by the prosecutor on the defendant's exercise of his right to silence is unconstitutional. "A statement that may be interpreted as commenting on a defendant's decision to remain silent is improper if the jury would naturally and necessarily understand the statement to be a comment on the exercise of his right to silence."

*State v. Ezzell*, 182 N.C. App. 417, 420, 642 S.E.2d 274, 278 (2007) (quoting *State v. Ward*, 354 N.C. 231, 266, 555 S.E.2d 251, 273 (2001) (alterations in original)); *accord State v. Alexander*, 337 N.C. 182, 446 S.E.2d 83 (1994) (holding that where the prosecutor's questions were "relatively benign," the prosecutor made no attempt to emphasize the fact that defendant did not wish to speak after being read his rights, and evidence of the defendant's guilt was substantial, the officer's testimony did not amount to plain error).

Regardless of these rules, it is axiomatic that "[a] defendant is not prejudiced . . . by error resulting from his own conduct." N.C. Gen. Stat. § 15A-1443(c) (2009); *see also State v. Payne*, 280 N.C. 170, 171, 185 S.E.2d 101, 102 (1971) ("Ordinarily one who causes (or we think joins in causing) the court to commit error is not in a position to repudiate his action and assign it as ground for a new trial. The foregoing

is not intended as any intimation the court committed error in this instance; but to point out the legal bar to the defendant's right to raise the question. Invited error is not ground for a new trial." (citations omitted)).

Here, Officer Rice gave the following testimony on direct examination.

Q    So after you placed him under arrest what did you do?

A    Transported him to jail.

Q    Did the defendant make any statements?

A    He didn't make anything worthy of writing down. We always speak with—or typically I speak with the suspect, you know, try to get information from them like "where did you buy drugs," "how long have you been doing this." I usually give them an opportunity to help themselves out. By that, I mean helping us. Maybe move up a level and catch the person that supplied him with the drugs. Obviously he was uncooperative as there were no statements or notes taken by me from him.

Officer Rice was further questioned about the investigation on cross-examination.

Q    Did you do any further investigation after you arrested [defendant]?

A    Such as the statements I spoke about earlier?

Q    Yes.

A    As I said earlier, we try to do a brief investigation with them depending on how cooperative they are. I did speak with him—or I'm sure I spoke with him. There was nothing worth writing down. He did not make any written statement. I didn't take any notes from it. It didn't yield anything useful.

While we do not believe the prosecutor's questions were intended to focus the jury's attention on defendant's lack of cooperation with law enforcement following his arrest, even elevating this inquiry to a condemnation of defendant's silence cannot amount to plain error when defendant made the same inquiry on cross examination. N.C.G.S. § 15A-1443(c); *see also Payne*, 280 N.C. at 171, 185 S.E.2d at 102. Accordingly, defendant's argument is overruled.

### III

**[3]** Lastly, defendant argues that his trial counsel rendered ineffective assistance of counsel by admitting defendant's guilt to the charge of possession of drug paraphernalia during her closing argument without defendant's consent. We dismiss this argument.

> A defendant's right to plead "not guilty" has been carefully guarded by the courts. When a defendant enters a plea of "not guilty," he preserves two fundamental rights. First, he preserves the right to a fair trial as provided by the Sixth Amendment. Second, he preserves the right to hold the government to proof beyond a reasonable doubt. A plea decision must be made exclusively by the defendant. "A plea of guilty or no contest involves the waiver of various fundamental rights such as the privilege against self-incrimination, the right of confrontation and the right to trial by jury." *State v. Sinclair,* 301 N.C. 193, 197, 270 S.E.2d 418, 421 (1980). Because of the gravity of the consequences, a decision to plead guilty must be made knowingly and voluntarily by the defendant after full appraisal of the consequences. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed. 2d 274 (1969); N.C.G.S. § 15A-1011 through § 15A-1026; *State v. Sinclair,* 301 N.C. 193, 270 S.E.2d 418 (1980).

*State v. Maready,* ___ N.C. App. ___, ___, 695 S.E.2d 771, 775 (2010) (quoting *State v. Harbison,* 315 N.C. 175, 180, 337 S.E.2d 504, 507 (1985)). In *Harbison,* our Supreme Court noted that 'ineffective assistance of counsel, *per se* in violation of the Sixth Amendment, has been established in every criminal case in which the defendant's counsel admits the defendant's guilt to the jury without the defendant's consent.' " *State v. Matthews,* 358 N.C. 102, 106, 591 S.E.2d 535, 539 (2004) (quoting *Harbison,* 315 N.C. at 180, 337 S.E.2d at 507-08).

> The gravity of the consequences demands that the decision to plead guilty remain in the defendant's hands. When counsel admits his client's guilt without first obtaining the client's consent, the client's rights to a fair trial and to put the State to the burden of proof are completely swept away. The practical effect is the same as if counsel had entered a plea of guilty without the client's consent. Counsel in such situations denies the client's right to have the issue of guilt or innocence decided by a jury.

*Id.* at 108-09, 591 S.E.2d at 540 (quoting *Harbison*, 315 N.C. at 180, 337 S.E.2d at 507).

Here, defendant's counsel stressed, during her closing argument, that defendant was not a drug dealer but rather a drug user. With regard to the charge of possession of drug paraphernalia, defendant's trial counsel stated "[s]o he could get four months total for the drug paraphernalia. *And finding him guilty of the drug paraphernalia I would agree is about as open and shut as we can get in this case,* but finding him guilty of the selling, you don't have the seller." (emphasis added).

Though clearly a strategic decision, such a statement concedes defendant's guilt to the charge of possession of drug paraphernalia. The incomplete record before us contains no indication that defendant's trial counsel obtained defendant's consent to concede his guilt to the charge of possession of drug paraphernalia or that an inquiry was made into the basis for the concession. Therefore, we dismiss this issue without prejudice to defendant's right to file a motion for appropriate relief requesting an evidentiary hearing on whether trial counsel admitted defendant's guilt to the charge of possession of drug paraphernalia without defendant's consent. *State v. Johnson,* ___ N.C. App. ___, ___ S.E.2d ___ (filed 20 December 2011) (No. COA11-677) (dismissing the defendant's ineffective assistance of counsel argument without prejudice to file a motion for appropriate relief in the trial court where the record on appeal was unclear as to whether defendant consented to trial counsel's concession of guilt).

No error in part; new trial on habitual felon status; dismissed in part.

Judges ELMORE and STEPHENS concur.