STATE OF NORTH CAROLINA v. TERRY LEE HOLDER

No. COA11-919

(Filed 7 February 2012)

**Constitutional Law—effective assistance of counsel—concession of guilt to lesser-included offense—defendant's consent**

    Defendant was not deprived of his Sixth Amendment right to effective assistance of counsel in a felony fleeing to elude arrest case. The trial court's inquiry of defendant was sufficient evidence that defendant was aware his counsel would concede

defendant's guilt of the lesser-included offense of misdemeanor fleeing to elude arrest, that he was informed of the potential consequences of that decision, and that he knowingly consented to an admission of guilt to the lesser-included offense. Aside from defense counsel's concession of defendant's guilt to the lesser-included offense, defendant did not allege any other deficiencies in his counsel's representation at trial or that he was therefore deprived of a fair trial.

Appeal by defendant from judgments entered 25 January 2011, by Judge Ola M. Lewis in Johnston County Superior Court. Heard in the Court of Appeals 10 January 2012.

*Attorney General Roy Cooper, by Assistant Attorney General John W. Congleton, for the State.*

*W. Michael Spivey for defendant appellant.*

McCULLOUGH, Judge.

On 25 January 2011, a jury found Terry Lee Holder ("defendant") guilty of driving while impaired and felony fleeing to elude arrest. Defendant then pled guilty to attaining habitual felon status. On appeal, defendant argues he was deprived of his Sixth Amendment right to effective assistance of counsel at trial. We find no error.

I.  Background

On the night of 20 October 2009, Deputy Randy Ackley of the Johnston County Sheriff's Office ("Deputy Ackley") encountered defendant on a two-lane road in Johnston County, North Carolina. Deputy Ackley observed that defendant was travelling approximately 80 miles per hour. Deputy Ackley activated his emergency lights and pursued defendant. During the pursuit, defendant operated his vehicle in excess of 100 miles per hour, drove at times without headlights, and ran stop signs. Defendant also passed a gasoline tanker truck and "cut off" the tanker by making a sharp turn just in front of the tanker. Defendant was finally stopped when he ran over "stop sticks" deployed in front of his vehicle by another officer. The stop sticks punctured defendant's tires, causing his vehicle to slow down and run into a ditch. Defendant was subsequently tested for alcohol use and found to have a blood alcohol level of .11. Defendant told the arresting officers that he ran from Deputy Ackley because he had been drinking and had had a bad night.

Based on these events, defendant was charged with and indicted for driving while impaired and felony fleeing to elude arrest. Defendant was also indicted for being an habitual felon. Defendant was tried by jury on 24 January 2011, and on 25 January 2011, the jury returned unanimous verdicts finding defendant guilty of both offenses. Defendant then pled guilty to attaining habitual felon status. Defendant was sentenced to a term of 120 days' imprisonment for the impaired driving conviction and to a minimum of 80 months' and a maximum of 105 months' imprisonment for the felony eluding arrest conviction and attaining habitual felon status. Defendant gave oral notice of appeal in open court at the close of the proceedings.

## II. Ineffective assistance of counsel

In his only issue on appeal, defendant argues he was deprived of his Sixth Amendment right to effective assistance of counsel where his trial counsel conceded his guilt without his voluntary consent. Defendant's argument is without merit.

Ordinarily, to prevail on a claim of ineffective assistance of counsel, the defendant bears the burden of meeting a two-part test: "a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense." *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286. "Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citations omitted).

However, our Supreme Court has determined that a defendant receives ineffective assistance of counsel *per se* when the defendant's counsel concedes the defendant's guilt to either the offense charged or a lesser-included offense without the defendant's consent. *State v. Harbison*, 315 N.C. 175, 180, 337 S.E.2d 504, 507–08 (1985), *cert. denied*, 476 U.S. 1123, 90 L. Ed. 2d 672 (1986); *see also State v. Alvarez*, 168 N.C. App. 487, 501, 608 S.E.2d 371, 380 (2005). Nonetheless, our Supreme Court has noted that "[n]either *Harbison* nor any subsequent case specifies a particular procedure that the trial court must invariably follow when confronted with a defendant's concession[.]" *State v. Berry*, 356 N.C. 490, 514, 573 S.E.2d 132, 148 (2002). Indeed, our Supreme Court has specifically "declined to set out what constitutes an acceptable consent by a defendant in this

context." *State v. McDowell*, 329 N.C. 363, 387, 407 S.E.2d 200, 213 (1991). In *State v. Matthews*, 358 N.C. 102, 591 S.E.2d 535 (2004), our Supreme Court stated that "[f]or us to conclude that a defendant permitted his counsel to concede his guilt to a lesser-included crime, the facts must show, at a minimum, that defendant *knew* his counsel [was] going to make such a concession." *Id.* at 109, 591 S.E.2d at 540. And recently, this Court noted that our Supreme Court's holdings in *"Harbison* and *Matthews* clearly indicate that the trial court must be satisfied that, prior to any admissions of guilt at trial by a defendant's counsel, the defendant must have given knowing and informed consent, and the defendant must be aware of the potential consequences of his decision." *State v. Maready*, ___ N.C. App. ___, ___, 695 S.E.2d 771, 776, *disc. review denied*, 364 N.C. 329, 701 S.E.2d 247 (2010).

Prior to trial in the present case, defense counsel informed the trial court that at some point during the trial, he may concede defendant's guilt to "something other" than felony fleeing to elude arrest, and the following colloquy occurred:

> [DEFENSE COUNSEL]: And there may be a time during this trial, I probably need to address this now—and I don't know at what point it may occur. It may occur sometime during opening, *it certainly may occur during closing—where I concede guilt for Mr. Holder something other than felony fleeing to speed—speeding to elude arrest.* And I just—you know, *that's with his consent.*
>
> . . . .
>
> [DEFENSE COUNSEL]: We talked about that, and that that is something we would need to get out. And I don't—you know, I don't know at this point what the instructions will be, where we'll be at that point. I don't know that it will come up right away, but I just wanted to put you on notice as to that.
>
> THE COURT: Okay. Mr. Holder, sir, your attorney—and we will certainly address it for the record again when necessary— but he has indicated to this Court, that there may be times when he will concede guilt as to some portion of the offenses charge[d]. Have you discussed that with your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I need you to answer loudly and clearly for the record, please.

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And, sir, is that, indeed, part of the trial strategy that you have discussed with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right, and, sir, do you understand that once there is that concession, it's out there for the jury, though the State still has the burden of proof. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: And that a juror may infer from that concession that you are guilty of all of these charges; do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right, sir. We will note that for the record. And is there anything you wish to bring to the Court's attention about that particular trial strategy before we get started? Because once the attorney makes an opening argument and says that, it's out there, can't bring it back. Have any objection to him doing that, or is that, indeed, something you want him to do?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right, I'll note that for the record. Anything else on behalf of your client, sir?

[DEFENSE COUNSEL]: Not that I'm aware of, your Honor.

THE COURT: All right. And, Mr. Holder, sir, noting, too, for the record that this will not be an issue that, should you be convicted, will be something that you can appeal at trial— appeal based on the trial, stating that you didn't [know] your lawyer was going to do it or it wasn't part of your trial strategy. Understood?

THE DEFENDANT: Yes, ma'am.

(Emphasis added.)

Subsequently, during his closing argument, defense counsel argued the State could not meet its burden of proving defendant committed

the offense of felony fleeing to elude arrest, but conceded that defendant was guilty of misdemeanor fleeing to elude arrest, stating:

> On the felony fleeing to elude arrest charge, you're going to have a choice, guilty of felony fleeing to elude arrest. In order to find that, you've got to find all of this. I respectfully submit to you, the State can't show that. *And that's enough to kick it back to the misdemeanor fleeing to elude arrest. And that's what he's guilty of. I don't dispute a bit that he's guilty of that.*

(Emphasis added.) Although defendant acknowledges in his brief that "[t]his was undoubtedly sound trial strategy in the face of compelling evidence of defendant's guilt," defendant argues the decision to admit guilt rests solely with him and that his attorney's concession during the closing argument to the jury constitutes a *per se* constitutional violation under *Harbison*. Defendant contends the colloquy between the trial court and defendant was not adequate to determine what offense defendant authorized his attorney to admit, nor to determine that his admission was knowing and voluntary. As a result, defendant argues he should be awarded a new trial on his conviction for felony fleeing to elude arrest, or in the alternative, defendant requests we remand to the trial court for a hearing to determine whether defendant gave his informed consent to his attorney's admitting his guilt of the offense of misdemeanor fleeing to elude arrest.

Contrary to defendant's contentions, the colloquy between the trial court, defense counsel, and defendant shows that defense counsel explained to the trial court in defendant's presence that defendant had consented to permitting his counsel to concede to the jury that he was guilty of "something other than felony fleeing to speed—speeding to elude arrest." The trial court judge spoke directly with defendant to ensure that he understood the consequences of conceding guilt and that he did in fact consent to an admission of guilt to "some portion of the offenses charged," specifically a lesser-included offense of felonious fleeing to elude arrest, as specified by defense counsel at the beginning of the colloquy. Thus, the trial court's inquiry of defendant is sufficient evidence that defendant was aware his counsel would make such a concession, that he was informed of the potential consequences of that decision, and that he knowingly consented to an admission of guilt to the lesser-included offense. We also note that defendant has made no factual assertion in his brief that he did not actually consent to his attorney's concession.

When there is a knowing consent, as demonstrated by this case, we examine the issue concerning ineffective assistance of counsel pursuant to the normal ineffectiveness standard set forth previously. *State v. Goode*, 197 N.C. App. 543, 547-48, 677 S.E.2d 507, 511 (2009). Here, aside from defense counsel's concession of defendant's guilt to the lesser-included offense of misdemeanor fleeing to elude arrest, defendant has not alleged any other deficiencies in his counsel's representation at trial or that he was therefore deprived of a fair trial. Having already determined that defendant gave knowing and voluntary consent to his counsel to concede guilt to the lesser offense, we hold defendant received a fair trial free from error.

No error.

Judges HUNTER (Robert C.) and THIGPEN concur.