An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1381

Filed: 6 October 2015

Gaston County, No. 13 CRS 59025

STATE OF NORTH CAROLINA

v.

NISANDRO CONZELEZ SANCHEZ

Appeal by defendant from judgment entered 24 June 2014 by Judge Richard D. Boner in Gaston County Superior Court. Heard in the Court of Appeals 9 September 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Carolyn McLlain, for the State.*
>
> *Michael E. Casterline for defendant-appellant.*

ZACHARY, Judge.

Nisandro Sanchez (defendant) appeals from judgment entered upon his conviction of trafficking in methamphetamine by possession. On appeal defendant argues that he received ineffective assistance of counsel and that the trial court committed plain error by failing to instruct the jury on lesser included offenses. We disagree and conclude that defendant had a fair trial, free of reversible error.

I. Factual and Procedural History

On 5 August 2013 the Gaston County Grand Jury returned a true bill indicting defendant for one count of trafficking in more than 400 grams of methamphetamine by possession and one count of trafficking in more than 400 grams of methamphetamine by manufacturing. The charges against defendant came on for trial at the 23 June 2014 criminal session of Superior Court of Gaston County.

At trial the State's evidence tended to show that on 23 July 2013 Special Agent Jorge Alamillo of the Drug Enforcement Administration, together with Gastonia Police Officer Morris Elliott and other law enforcement officers, conducted surveillance on Apartment D, 2714 Crescent Lane, Gastonia. At around 2:30 p.m., defendant drove up to the apartment in a Toyota 4Runner and defendant and Fidel Solis went inside the apartment. Shortly thereafter, defendant and Mr. Solis left the apartment, with Mr. Solis carrying a large black trash bag.

After defendant and Mr. Solis drove away, Agent Alamillo contacted other law enforcement officers involved in the operation. A few minutes later, Officers Dustin Hunter and M.R. Sherill with the Gastonia Police Department stopped the vehicle because defendant was not wearing a seatbelt. Defendant gave Officer Hunter permission to search the car. During the search, defendant volunteered to Officer Sherill that a friend had placed a bag in the car and that defendant did not know what was inside. Officer Hunter opened a large black trash bag on the back seat, noted a strong odor of fabric softener, and removed towels that were on top of the

bag's contents. Under the towels were several bags of a white crystalline substance that appeared to be methamphetamine. A small baggie of a similar substance was found in defendant's pocket, and defendant volunteered that a friend had given him the baggie and that defendant did not know what was inside. Defendant and Mr. Solis were arrested and taken to the law enforcement center.

After hearing that the Toyota 4Runner had been stopped and searched, Agent Alamillo and Officer Elliott went to the apartment, where they received permission from a resident to search inside. In the apartment, Agent Alamillo and Officer Elliott found 35 grams of methamphetamine, drug paraphernalia, and a drivers' license belonging to Mr. Solis. After searching the apartment, Agent Alamillo and Officer Elliott went to the police station, where Agent Alamillo, a native Spanish speaker, assisted Officer Elliott with an interview of defendant. Defendant was informed of his *Miranda* rights and agreed to make a statement to the law enforcement officers. Defendant stated that Mr. Solis had asked defendant to drive that day because defendant had a valid drivers' license. Previously, defendant had driven Mr. Solis to Houston, where Mr. Solis procured the methamphetamine. Mr. Solis had planned to sell the drugs to another man for $84,000 and to pay defendant $5,000 for driving.

Colin Andrews, a forensic scientist with the North Carolina State Crime Lab, testified as an expert in the field of forensic chemistry concerning her testing of material seized at the time of defendant's arrest. The large trash bag taken from the

Toyota 4Runner held five smaller plastic bags, each containing a white crystalline substance. Testing of one of these bags revealed the presence of 966 grams of methamphetamine. The gross weight of the remaining bags was over 3,500 grams of material. Agent Andrews also determined that the material in the small baggie taken from defendant's pocket was methamphetamine, but did not testify as to the weight of that material.

Fidel Solis testified through an interpreter that his testimony was given pursuant to a plea agreement under which Solis would receive a sentence of 90 to 120 months imprisonment in exchange for truthful testimony at defendant's trial. Mr. Solis met defendant about a year before their arrest. In June 2013, Mr. Solis agreed to provide a car and drive with defendant to Houston, Texas, where defendant planned to buy methamphetamine. Defendant and Mr. Solis agreed that in exchange Mr. Solis would receive $4,000 and 3 ounces of methamphetamine. In Houston defendant bought five kilos of methamphetamine and, upon their return to Gastonia, defendant asked Mr. Solis to keep the drugs at the apartment of Mr. Solis until the drugs were sold. A few weeks later, defendant told Mr. Solis that a buyer would pick up the methamphetamine on Tuesday, 23 July 2013. On that day defendant asked Mr. Solis to give defendant a ride to Mr. Solis's apartment, where defendant planned to sell all the methamphetamine to a single person. Mr. Solis picked up defendant and took him to the Crescent Lane apartment, where defendant and another man

agreed on a price of $21,000 per kilo. Mr. Solis and defendant then left the apartment with the methamphetamine, intending to drive to a location where they had agreed to transfer the methamphetamine to the buyer. A few minutes after driving away from the apartment, Mr. Solis and defendant were stopped by the police and arrested.

Defendant did not present evidence at trial. On 24 June 2014 the jury returned verdicts finding defendant not guilty of trafficking in methamphetamine by manufacture and guilty of trafficking in methamphetamine by possession. The trial court sentenced defendant to a term of imprisonment of 225 to 282 months. Defendant gave timely notice of appeal to this Court.

## II. Legal Analysis

### A. Ineffective Assistance of Counsel

In his first argument, defendant contends that he received "ineffective assistance of counsel *per se* when [his counsel] conceded critical facts necessary to the State's case in his closing argument without the defendant's consent." Defendant asserts that he is entitled to relief under *State v. Harbison*, 315 N.C. 175, 180, 337 S.E.2d 504, 507-508 (1986), which held "that ineffective assistance of counsel, *per se* in violation of the Sixth Amendment, has been established in every criminal case in which the defendant's counsel admits the defendant's guilt to the jury without the defendant's consent." Because we hold that defense counsel's statements during

closing argument do not fall within the ambit of *Harbison*, we do not reach the issue of the effectiveness of defendant's counsel.

In *Harbison*, defense counsel expressly told the jury that he was not asking them to acquit the defendant and did not think the defendant should be found innocent, but urged the jury to convict the defendant of manslaughter rather than first degree murder. *Harbison* has been applied to other cases in which defense counsel concedes a defendant's guilt of a criminal offense for which he is on trial without first obtaining the defendant's consent to this strategy. For example, in *State v. Matthews*, 358 N.C. 102, 106, 591 S.E.2d 535, 539 (2004), the North Carolina Supreme Court held that the defendant was entitled to a new trial where defense counsel told the jury that he was "not saying you should find Mr. Matthews not guilty" and urged the jury to reject the charge of first degree murder and instead "find that he's guilty of second-degree murder." Similarly, in *State v. King*, 218 N.C. App. 347, 721 S.E.2d 336 (2012), *appeal dismissed*, 367 N.C. 217, 747 S.E.2d 584 (2013), which is cited by defendant on appeal, the defendant was charged with possession with intent to sell or deliver cocaine, selling cocaine, possession of drug paraphernalia, and attaining habitual felon status. His counsel argued to the jury that the defendant was a drug user but not a drug dealer, and told the jurors that the charge of possession of drug paraphernalia was "about as open and shut as we can get in this case." We held that:

> Though clearly a strategic decision, such a statement concedes defendant's guilt to the charge of possession of drug paraphernalia. The incomplete record before us contains no indication that defendant's trial counsel obtained defendant's consent to concede his guilt[.] . . . Therefore, we dismiss this issue without prejudice to defendant's right to file a motion for appropriate relief requesting an evidentiary hearing on whether trial counsel admitted defendant's guilt to the charge of possession of drug paraphernalia without defendant's consent.

*King*, 218 N.C. App. at 360, 721 S.E.2d at 345-346.

In sum, "a defendant receives ineffective assistance of counsel *per se* when the defendant's counsel concedes the defendant's guilt to either <u>the offense charged or a lesser-included offense</u> without the defendant's consent." *State v. Holder*, 218 N.C. App. 422, 424, 721 S.E.2d 365, 367 (2012) (emphasis added) (citing *Harbison,* 315 N.C. at 180, 337 S.E.2d at 507-508).

Our appellate courts have, however, consistently limited the application of *Harbison* to situations in which defense counsel explicitly admits a defendant's guilt of the offense for which defendant is on trial or of a lesser included offense. Thus, *Harbison* does not apply to defense counsel's admission of a defendant's guilt of an offense for which defendant is not on trial. *See, e.g.*, *State v. Roache*, 358 N.C. 243, 283-84, 595 S.E.2d 381, 408 (2004) (holding where defense counsel admitted defendant's guilt of a murder for which he was not being tried that "defendant's counsel's admission . . . does not rise to the level of the act condemned by this Court in *Harbison*."); *State v. Wilson*, __ N.C. App. __, __, 762 S.E.2d 894, 897 (2014) (where

defendant was charged with attempted first degree murder, defense counsel's statement conceding guilt of assault by pointing a gun did not fall within the parameters of *Harbison*).  Nor does *Harbison* apply to a defense counsel's admission that an evidentiary fact has been proven.  "Admitting a fact is not equivalent to an admission of guilt."  *State v. Wiley*, 355 N.C. 592, 620, 565 S.E.2d 22, 42 (2002) (citation omitted).

In this case, defendant asserts that his counsel violated the principles articulated in *Harbison* during closing argument, when he stated that:

> DEFENSE COUNSEL: That's a lot of meth (indicating).
> We don't dispute that there's a lot of meth there.  What
> we're telling you is, when you look at the law to be applied
> in this case that Nisandro Sanchez is not guilty.  He may
> be guilty of some things.  He's guilty of not wearing his
> seatbelt.  That's an infraction.  He was a drug user.  We
> admitted that.  But he's not a drug trafficker.

Specifically, defendant objects to defense counsel's statements that the case involved "a lot of meth," that defendant "may be guilty of some things" and that he had admitted to being "a drug user."  None of these statements is an admission of defendant's guilt of the charged offenses - trafficking in methamphetamine by possession and by manufacture - or of a lesser included offense. It was uncontroverted that the police had recovered "a lot of meth" from the car that defendant was driving, and defense counsel's concession of this undisputed fact was not an admission that defendant had possessed or manufactured the drugs, or even that "a lot of meth" referred to an amount greater than 400 grams, the amount specified in the

indictment. Similarly, neither defense counsel's statement that defendant was "a drug user" nor his generalized admission that defendant "might be guilty of some things" was an admission of defendant's guilt of trafficking in methamphetamine. We hold that defendant has failed to establish that he received *per se* ineffective assistance of counsel and that this argument lacks merit.

### B. Jury Instructions

In his second argument, defendant contends that the trial court committed plain error by "failing to instruct the jury on lesser-included offenses when the evidence supported that instruction." We conclude that this argument lacks merit.

### 1. Standard of Review

A "[d]efendant is 'entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.' " *State v. Leazer*, 353 N.C. 234, 237, 539 S.E.2d 922, 924 (2000) (quoting *Keeble v. United States*, 412 U.S. 205, 208, 36 L.Ed. 2d 844, 847 (1973)).

Defendant acknowledges that he did not object to the trial court's jury instructions on this issue and that, as a result, we review only for plain error. "In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned

is specifically and distinctly contended to amount to plain error." N.C. R. App. P.

10(a)(4). Nevertheless, it is clear that:

> [f]or error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice - that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty.

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations

and quotation marks omitted).

### 2. Discussion

Defendant was charged with trafficking in methamphetamine by manufacture

and possession of more than 400 grams of methamphetamine. On appeal, defendant

argues that the trial court committed plain error by failing to instruct the jury on the

"lesser included offenses" of possession or manufacture of a lesser amount of

methamphetamine. In response, the State contends that "the differentiations in

weight in N.C. Gen. Stat. § 90-95(h)(3b)(a) - (c) are not lesser included offenses of

trafficking in methamphetamine but merely different levels of the same offense." We

agree with defendant that if there is evidence from which a reasonable juror could

find that defendant trafficked in a smaller amount of methamphetamine than that

stated in the indictment, defendant would be entitled to submit the issue of the

weight of methamphetamine to the jury. We conclude, however, that on the facts of

this case defendant was not entitled to an instruction on his possession of less than 400 grams of methamphetamine.

" '[A] lesser offense should not be submitted to the jury if the evidence is sufficient to support a finding of all the elements of the greater offense, and there is no evidence to support a finding of the lesser offense.' " *State v. Uvalle*, 151 N.C. App. 446, 453, 565 S.E.2d 727, 731 (2002) (quoting *State v. Nelson*, 341 N.C. 695, 697, 462 S.E.2d 225, 226 (1995)). In this case, defendant does not dispute that the State presented sufficient evidence of his possession of 400 grams of methamphetamine. Instead, defendant argues that the jury, if given the option of convicting him of trafficking in a lesser amount, might have found that defendant only possessed the smaller amount of methamphetamine in his pocket, while disbelieving the State's evidence that defendant constructively possessed the large bag of methamphetamine in the car defendant was driving when arrested. "However, a 'defendant is not entitled to an instruction on a lesser-included offense merely because the jury could possibly believe some of the State's evidence but not all of it.' " *State v. Gainey*, 355 N.C. 73, 92, 558 S.E.2d 463, 476 (2002) (quoting *State v. Annadale*, 329 N.C. 557, 568, 406 S.E.2d 837, 844 (1991)). Defendant has failed to identify any evidence that he possessed a lesser amount of methamphetamine, and we hold that the trial court did not err by failing to submit this issue to the jury. "Because the trial court did not err,

we do not reach the issue of plain error." *State v. Godbey*, __ N.C. App. __, __, 772 S.E.2d 123, 126 (2015).

For the reasons discussed above, we conclude that defendant had a fair trial, free of reversible error.

NO ERROR.

Judges STEPHENS and McCULLOUGH concur.

Report per Rule 30(e).